HYNES v. ALEXANDER.

(Supreme Court, Appellate Division, Second Department.    February 18, 1896.)

ASSIGNMENT FOR CREDITORS—ACTION AGAINST ASSIGNEE FOR ACCOUNTING.
    An action in equity against an assignee for creditors, for an accounting, should not be entertained; a proceeding for such purpose being provided by the statute relative to insolvent assignments.

Appeal from special term, Westchester county.

Action by John Hynes against John W. Alexander, assignee for benefit of creditors of James Stewart and another.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

John Mulholland, for appellant.
Ralph E. Prime, for respondent.

HATCH, J.    The defendant is an assignee for the benefit of the creditors of J. & G. Stewart, a copartnership heretofore existing and carrying on business in the city of New York.  ·This action is brought in the supreme court for an accounting for the benefit of plaintiff, whose debt is alleged, and for the benefit of all other creditors similarly situated.    The complaint alleged the making of the assignment on the 16th day of August, 1894; that more than a year has elapsed since the making thereof; and that the assignee has not rendered any account of his proceedings.    No special reason is assigned why plaintiff is required to resort to an action in equity, or why he might not obtain all the redress and relief to which he is entitled by a proceeding for an accounting under the statute regulating such proceedings.    When the cause was called for trial, defendant moved to dismiss the complaint, and for judgment, on the ground that the complaint did not state a cause of action in favor of plaintiff, and because the complaint did not state any reason or cause why the court should assume jurisdiction of the action for an accounting.    The court granted the motion, and dismissed the complaint, with costs.    There is nothing in the decision, or in the judgment entered thereon, showing the ground upon which the court based its determination.    But it was stated by counsel, upon the argument, that the decision was placed upon the second ground above stated.    We think the complaint was sufficient, and stated a good cause of action.    But we are also of opinion that the decision was right, and that the judgment appealed from should be affirmed.    By the statute is given a perfect remedy to obtain all the relief which plaintiff could succeed to if his action was prose-

cuted to judgment. It is quite true that a court of equity has jurisdiction of the subject matter, and can grant all necessary relief. Although it has jurisdiction, it does not follow that it will assume it in all cases. Where there is a special course of procedure, provided for a specific purpose, regulating certain proceedings, and adopted for the purpose of facilitating the disposition of matters cheaply and expeditiously, parties should be relegated to such method, and not be permitted a choice of tribunals, unless some substantial reason exists therefor, which should be specifically averred. In the case of insolvent assignments, the statute provides an expeditious and cheap method of procedure, where the rights of all creditors can be fairly protected, and the estate cheaply administered. Under such circumstances, the assignee ought not to be subjected to the vexatious trouble and burden of an action which leads, in the end, to an accounting, for which the statute provides, nor should the assigned estate be made subject to the costs and expense of an action and the inevitable waste which the fees of referees and other contingencies produce, as well as the costs of the action itself, unless there be exceptional grounds therefor; and such necessity ought to be clearly alleged. This view is in harmony with the current of authority. In an action to compel an accounting by an executor, brought in the supreme court, the court of appeals thus expresses itself:

"There was no reason for resorting to another forum than that established by the statute for the final settlement of an executor's accounts. * * * These proceedings belong, by law, to surrogates' courts, which were constituted to take jurisdiction of them, and the powers of which are appropriate and adequate for the purpose." Hard v. Ashley, 117 N. Y. 611, 23 N. E. 177.

The same rule has been recognized in other cases. Chipman v. Montgomery, 63 N. Y. 221; Uhlman v. Insurance Co., 109 N. Y. 421, 17 N. E. 363. These cases are particularly applicable, as the statute itself makes the proceeding to correspond with an accounting of executors in surrogates' courts. 1 Birdseye, Rev. St. p. 129, § 20, subd. 9. And the supreme court is given concurrent power with the county court and county judge. Id. p. 131, § 30. This view is not in conflict with Hurth v. Bower, 30 Hun, 151. There the complaint alleged the misconduct of the assignee, and assigned a sufficient reason for the intervention of the equitable powers of the court. And, while the language used is quite broad, yet we think it should be held as limited and applied to the case there under consideration. In all the cases which have fallen under our observation, where the supreme court has assumed to exercise jurisdiction in this class of cases, some special reason was assigned in the complaint, or no question was raised respecting it.

For these reasons, we think the judgment appealed from should be affirmed, with costs. All concur.