In the Matter of the Application of IRVING DENEMARK, Petitioner.

INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Madison County, April 1, 1944.

*August Merrill* for applicant.

*Nathaniel L. Goldstein, Attorney-General (Charles G. Coffin* of counsel), for respondent.

SANTRY, J. This is a motion to vacate and set aside a tax warrant for unpaid unemployment insurance taxes, which was filed and docketed as a judgment in favor of the Industrial Commissioner of the State of New York against the applicant, in the office of the Clerk of Oneida County on the 30th day of April, 1942.

The applicant conducted a restaurant in the city of Utica, N. Y., and was subject to a tax for unemployment insurance based on wages paid to his employees. During the period from April 1, 1938, to December 31, 1939, certain musicians and persons engaged in giving floor shows worked in the restaurant. In his return for this period the applicant failed to include payments to these persons, claiming that they were independent contractors and not employees. In March, 1941, after an audit of the books and payrolls of the applicant by the Commissioner, he was informed the musicians and actors were employees of the applicant, and that he was subject to a tax on the compensation paid to them in the amount of $416.64.

On the 23d of June, 1941, the Industrial Commissioner mailed to the applicant a written demand for a correct and sufficient report of wages paid during the period in question, in conformity with the provisions of section 523 of the Labor Law (see now Labor Law, §§ 571, 573, 620–622). Thereafter, and on the 24th day of January, 1942, a written determination that the sum of $416.64 was due for taxes for the years 1938 and 1939, was issued by the Industrial Commissioner and mailed to the applicant.

The applicant made no application for a hearing as provided for by section 523 of the Labor Law, although the written determination contained a statement that such determination would

become final and irrevocable unless he applied for a hearing within twenty days or submitted correct and sufficient reports of wages paid during the period.

On March 2, 1942, a final notice, advising him that the tax was still unpaid and that a warrant for the same would be issued within ten days, was mailed to applicant.

The applicant did nothing, and on the 30th day of April, 1942, the warrant was filed and docketed for the sum of $518.88, including interest and penalties.

The applicant claims that the Commissioner is in error in holding that the persons engaged as musicians and in the floor show were employees, and he also claims that he never received the written determination of tax due.

In an affidavit submitted in opposition to the motion, Alfred L. Green, Principal Tax Collector of the Division of Placement and Unemployment Insurance, Department of Labor, swears that a written determination, a copy of which is attached to the affidavit, " was issued by the Industrial Commissioner and mailed to the defendant under date of January 24, 1942, in the sum of $416.64 for the years 1938 and 1939." From the positive statement of this affidavit it must be assumed that the notice of determination was mailed.

In opposition to this, the attorney for the applicant states in his affidavit that, as he is informed by applicant and verily believes, " no notice of the determination of the tax of $518.88, upon which this judgment was based, had ever been received by applicant from the said Industrial Commissioner or any of his bureaus."

The statute provides: " Such determination shall finally and irrevocably fix the amount of contribution unless the employer shall within twenty days after the mailing or personal delivery of notice of such determination apply to the commissioner for a hearing or unless the commissioner of his own motion shall reduce the same." (Labor Law, § 523, subd. 1, ¶ (a); see now §§ 571, 573, 620–622.)

The provisions of the statute were complied with when the notice was mailed, even though the applicant failed to receive it.

If the Commissioner erred in holding the entertainers to be employees instead of independent contractors, the remedy of the applicant was to apply for a hearing, and if dissatisfied with the result of such hearing, take an appeal to the appeal board.

The applicant failed to avail himself of the remedy provided by statute to correct the error of which he complains. In such

a case the courts are without authority to intervene in his behalf. (*Matter of Cherry* v. *Brumbaugh,* 255 App. Div. 880; *Matter of Wilkie* v. *O'Connor,* 261 App. Div. 373.)

The motion is denied, with $10 costs.