In the Matter of General Assignment for Benefit of Creditors of JAMAICA CONCRETE CORP., Assignor, to ABRAHAM A. WEDEEN, Assignee.

Supreme Court, Special Term, Queens County, September 11, 1945.

*Leo Guzik* for assignee.

*Nathaniel L. Goldstein*, Attorney-General (*Otto W. G. Marquard, Harry Zankel* and *George Grau* of counsel), for State Industrial Commissioner.

Nova, J. The assignee moves herein for an order staying and enjoining the Unemployment Insurance Referee Section of the Department of Labor from conducting a proceeding to determine the amount of contributions due from his assignor, pursuant to the New York State Unemployment Insurance Law (Labor Law, art. 18). The relevant facts are as follows: On July 30, 1941, the assignor corporation executed and delivered an assignment for the benefit of the creditors for which the assignee duly qualified. On or about January 22, 1942, the New York State Unemployment Insurance Fund (hereafter referred to as the "fund") filed a proof of claim with the assignee. On April 21, 1944, the assignee received a demand for contributions, setting forth the determination of the fund. The demand further provided that unless the assignee requested a hearing, the determination would be final. The assignee, to protect his rights, requested the hearing and appeared for the sole purpose of contesting the right and jurisdiction of the referee to conduct such hearing and on the further ground that the Supreme Court has the exclusive jurisdiction.

It is the assignee's contention that under the Debtor and Creditor Law the fund, having submitted itself to the court's jurisdiction by filing its claim, and the court having first acquired jurisdiction, it retained exclusive control thereof. The assignee further contends that the property of the assignor is vested in him as an officer of the court.

The assignee's contentions would have merit were it not for section 20 of the Debtor and Creditor Law and title 8 of the Unemployment Insurance Law (Labor Law, art. 18). Section 20 of the Debtor and Creditor Law reads as follows: "Any proceeding under this article shall be deemed for all purposes, including review by appeal or otherwise, to be a proceeding had in the court as a court of general jurisdiction, and the court shall have full jurisdiction to do all and every act relating to the assigned estate * * * *unless the contrary be shown* * * *." (Italics mine.)

The Legislature, under title 8 of the Unemployment Insurance Law, has set up a complete system for the review of determinations, rules and orders of the Industrial Commissioner and for the appeals therefrom, and has declared that

such procedure shall be the sole and exclusive procedure. The statute is clear and distinct as to such procedure. Section 626 of the Law reads: " The procedure herein provided for hearings before referees with respect to any determination, rule, or order of the commissioner, and for decisions thereon and for appeals therefrom, first to the appeal board and thereafter to the courts, *shall be the sole and exclusive procedure notwithstanding any other provision of law.*" (Italics mine.)

An elaborate machinery having been set up by the Legislature to hear such claims and other matters pertaining to the Unemployment Insurance Law, the assignee should be remanded to the proceeding before the unemployment insurance referee.

Motion denied.