Rogers Peet Company, Claimant, *v.* State of New York, Defendant. (Claim No. 27811.)

Court of Claims, January 30, 1946.

*Ezra P. Prentice* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Arthur W. Mattson, Douglas S. Rider* and *Marvin P. Lazarus* of counsel), for defendant.

RYAN, J. This claim has been submitted upon an agreed statement of facts. Claimant is a domestic corporation and owns or leases and operates two buildings, one at 485 Fifth Avenue and one at 842 Broadway, in the borough of Manhattan, New York City. As an incident to its ownership and operation of said buildings, claimant submetered electricity to its tenants during the years 1937, 1938 and 1939, and upon such utility paid taxes to the State of New York, assessed on a monthly basis, in the total amount of $793.20. The last payment was made on March 22, 1940, for the month of December, 1939.

The taxes so paid by the claimant were levied pursuant to chapter 321 of the Laws of 1937, being section 186-a of the Tax Law. Under date of November 19, 1940, the Court of Appeals affirmed a decision of the Appellate Division, Third Department, which held that a petitioner, who was the owner and operator of an apartment building, " was not a utility engaged in the business of selling electricity or rendering electric service. Such sales as were made were wholly incidental to its business of owning and operating the apartment house. Nor is petitioner a utility in the universally accepted meaning of that term." (*Matter of 339 Central Park West, Inc.,* v. *Graves,* 260 App. Div. 265, 267, affd. 284 N. Y. 691.)

Thereafter the Legislature adopted an amendment to section 186-a of the Tax Law which provided that a tax upon the sale of submetered electricity was to be exacted " regardless of whether such activities are the main business of such person or are only incidental thereto ". (L. 1941, ch. 137.) This act included the following retroactive provision (§ 3): " The amendments made by this act to subdivision two of section one hundred eighty-six-a of the tax law shall be deemed to have the same force and effect as if enacted on May seventh, nineteen hundred thirty-seven, and the tax imposed or continued by this

act shall be deemed to have been validly enacted as of such date and continued from year to year by the amendments made to subdivision one of said section.''

This retroactive provision was based upon a declaration of legislative intent. Nevertheless the Court of Appeals held that it was harsh and oppressive and therefore unconstitutional and invalidated it except as to taxes on transactions since January 1, 1940. (*Matter of Lacidem Realty Corp.* v. *Graves*, 288 N. Y. 354.)

On December 15, 1942, claimant made application to the State Tax Commission for a refund of taxes which it had paid for the period ending December 31, 1939. On January 20, 1943, the State Tax Commission, by its Deputy Director, addressed two letters to claimant's then attorneys. These were in identical language and one referred to the building at 485 Fifth Avenue and one to the building at 842 Broadway. These letters contained the following statements: '' This will acknowledge receipt of your letter of December 15th enclosing application for refund of taxes paid under Section 186-a at the above location for periods prior to January 1, 1940.

'' All of the taxes listed in said application for refund were, according to the application for refund, paid more than one year prior to the receipt of the application in this office on December 17, 1942, and, therefore, the department can give no consideration to same. Please see Subdivision 10 of Section 186-a.

'' The department regrets, that no refunds are due Roger Peet Company.''

Notice of intention to file this claim was filed with the Clerk of the Court of Claims on January 27, 1943, and the claim proper was filed with the Clerk of the Court of Claims June 27, 1944, and a copy served on the Attorney-General July 5, 1944.

Subdivision 10 of section 186-a of the Tax Law provides as follows: '' If, within one year from the payment of any tax or penalty, the payer thereof shall make application for a refund thereof and the tax commission or the court shall determine that such tax or penalty or any portion thereof was erroneously or illegally collected, the tax commission shall refund the amount so determined. For like cause and within the same period, a refund may be so made on the initiative of the tax commission. However, no refund shall be made of a tax or penalty paid pursuant to a determination of the tax commission as hereinbefore provided unless the tax commission, after a hearing as hereinbefore provided, or of its own motion, shall have

reduced the tax or penalty or it shall have been established in a certiorari proceeding that such determination was erroneous or illegal. All refunds shall be made out of moneys collected under this article deposited to the credit of the comptroller, with the approval of the comptroller. An application for a refund, made as hereinbefore provided, shall be deemed an application for the revision of any tax or penalty complained of and the tax commission may receive additional evidence with respect thereto. After making its determination, the tax commission shall give notice thereof to the person interested, and he shall be entitled to a certiorari order to review such determination, subject to the provisions hereinbefore contained relating to the granting of such an order.''

Subdivision 14 of the same section provides: '' The remedy provided by this section for review of a decision of the tax commission shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this section.''

Section 186-a is part of article 9 of the Tax Law. Also a part of article 9 is section 199 which provides for a review upon certiorari by the Supreme Court of the determination of the Tax Commission upon *any* application made to it by *any* person for a revision of *any* tax based upon a report made pursuant to this article. This section also provides that this remedy shall be exclusive.

In contrast with the foregoing provisions for a review upon certiorari by the Supreme Court it may be noted that by section 280 of article 12 of the Tax Law the Legislature has made provision for the submission to the Court of Claims of a claim for the recovery of stock transfer stamp taxes erroneously paid, after rejection of such claim by the Tax Commission. This court is one of limited jurisdiction and cannot assume to hear, determine or make awards in any cases where jurisdiction to do so has not been assigned to it by the Legislature. In the instance of stock transfer stamps jurisdiction has been granted. In respect to claims arising under section 186-a the Legislature has expressly provided another and an exclusive remedy.

The argument is made by claimant's counsel that it is illogical and unsound to maintain that although that part of section 186-a which relates to the assessment of taxes retroactively is invalid the provision relating to the refund of taxes so assessed and paid is valid. Counsel cites no authorities. We believe the rule to be to the contrary. The Court of Appeals in the very

case upon which claimant's right to a refund is based (*Matter of Lacidem Realty Corp.* v. *Graves,* 288 N. Y. 354, *supra*) sustained the validity of the tax on current and on " prior but recent " transactions at the same time it declared the retroactive provisions invalid. This was a recognition of the doctrine of separability applied to a revenue statute. (*Field* v. *Clark,* 143 U. S. 649.) The procedural provisions of section 186-a remain in force. (*Matter of Nash* v. *Lynch,* 226 App. Div. 421, affd. 253 N. Y. 564.) They were not set aside by the *Lacidem* decision (*supra*) but were recognized and followed therein and the determination of the Tax Commission was reviewed and modified.

The Attorney-General requests us to find that this claim accrued March 22, 1940, the date of the last payment by this claimant, and to hold that this court is without jurisdiction for the reason that notice of intention was not filed within six months thereafter. Inasmuch as we have already concluded that claimant has mistaken its remedy, it is unnecessary to make a finding of the date its claim accrued. However, upon claimant's theory of a cause of action for money had and received it would appear that, the taxes being from the first invalid, claimant's right to a refund accrued immediately upon paying them. (*Reid* v. *Suprs. of Albany Co.,* 128 N. Y. 364.) Thus we would not have jurisdiction because of the untimely filing of the claim.

It would be only fair and equitable that claimant be reimbursed for the sum it has mistakenly paid, with interest. But the case of *Matter of Dee* v. *State Tax Commission* (257 App. Div. 531, affd. 282 N. Y. 617) which claimant cites on this point, is not an authority for circumventing the procedure prescribed for reviewing a determination of the State Tax Commission. In that case petitioner complied with the statute not only in respect to the procedure for review but he also made application to the commission for a refund within one year of the entry of the order assessing the inheritance tax, as the statute directed.

Claimant's relief lies not with this court but with the Legislature of the State of New York. This claim must be dismissed.