GUARANTY TRUST COMPANY OF NEW YORK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27969.)

Court of Claims, May 16, 1946.

*Nathaniel L. Goldstein, Attorney-General* (*Donald S. Glenn* of counsel), for defendant.

*S. Hazard Gillespie, Jr.,* for claimant.

RYAN, J. Claimant, a banking corporation, sues the State on an implied contract for money had and received to recover the sum of $65,155.75 paid by it to the Unemployment Insurance Fund on October 11, 1939, and on January 13, 1940. These payments were contributions to the fund for the period of time between August 10, 1939, and December 31, 1939, for which period such exactions from State banks have been held by the courts to be unconstitutional and void. (*Matter of Bank of Manhattan Co.* [*Murphy*], 267 App. Div. 456, affd. 293 N. Y. 515.) In general this court has jurisdiction to hear and determine a claim against the State for the breach of an implied contract. (Court of Claims Act, § 9, subd. 2; L. 1939, ch. 860.)

The Attorney-General has made formal motion to dismiss the claim of this claimant upon two grounds: First, assuming that the remedy which claimant seeks is the proper one, claimant has failed to comply with the requirements of subdivision 4 of section 10 of the Court of Claims Act, in that it did not file its

claim or notice of intention within six months after the accrual of such claim; and second, that another and an exclusive remedy has been provided claimant by the Legislature in the enactment of article 18 of the Labor Law.

Article 18 was added by chapter 468 of the Laws of 1935. There was a general revision by chapter 705 of the Laws of 1944 and various sections were then redistributed and renumbered but the provisions with which we are here concerned are substantially as they formerly were and in some instances the language is identical. They provide for the refund to an employer of contributions " erroneously collected " from him. He may make application for such refund within one year from the date he made payment, or within " three years from the last day of the first month following the end of that calendar quarter during which the remuneration was paid which formed the basis for contributions * * *." (§ 570, subd. 6.) (The former provision was three years from the payment of any contribution.) If any employer " claims to be aggrieved by the industrial commissioner's determination of the amount of his contributions or by any other rule or order of the commissioner " he may apply for a hearing, such hearing to be held by a referee. (§ 620, subds. 2, 3.) Within twenty days after notice of the referee's decision the employer may take an appeal to the appeal board created by the act. (§ 621, subds. 2, 3.) Article 18 also contains the following sections which we quote in full: " § 624. *Appeals to courts.* Within thirty days after the mailing or personal delivery of notice of a decision by the appeal board, the commissioner or any other party affected thereby who appeared at the appeal before the board may appeal questions of law involved in such decision to the appellate division of the supreme court, third department. The board may also, in its discretion, certify to such court questions of law involved in its decisions. Such appeals and the questions so certified shall be heard in a summary manner and shall have precedence over all other civil cases in such court except cases arising under the workmen's compensation law. The commissioner shall be represented in court by the attorney-general without additional compensation. An appeal may be taken from the decision of such court to the court of appeals in the same manner and subject to the same limitations, not inconsistent herewith, as is provided for in civil action. It shall not be necessary to file exception to the rulings of the appeal board. No bond shall be required to be filed upon an appeal to the appellate division or to the court of appeals, except as herein-

after provided. Upon final determination of an appeal, the appeal board shall enter an order in accordance with such determination.''

''§ 626. *Exclusive procedure.* The procedure herein provided for hearings before referees with respect to any determination, rule, or order of the commissioner, and for decisions thereon and for appeals therefrom, first to the appeal board and thereafter to the courts, shall be the sole and exclusive procedure notwithstanding any other provision of law.''

Subsequent to the above-cited decision by the Appellate Division, Third Department, in the *Bank of Manhattan Co.* case (267 App. Div. 456, *supra*), and on June 21, 1944, this claimant, Guaranty Trust Company, applied to the Division of Placement and Unemployment Insurance of the State Department of Labor for the return of the sums of money which it had contributed to the fund for the period of time from August 10 to December 31, 1939. The application was not made within the time limits specified in subdivision 6 of section 570, nor within three years of the date of payment as specified in subdivision 3 of section 523, from which said subdivision 6 of section 570 was derived. The refund was refused. Within twenty days claimant applied for a hearing before a referee. After hearings and on July 20, 1945, the referee rendered his decision in and by which he sustained the commissioner's determination denying the claim for refund. Within twenty days claimant appealed to the appeal board which on September 10, 1945, affirmed the decision of the referee. Guaranty Trust Company did not appeal to the courts in the manner indicated by section 624, above quoted. It had already, and on February 7, 1945, filed with the clerk of the Court of Claims its notice of intention to file this claim. On October 9, 1945, this claim was filed.

Claimant's position here is that the remedy provided by the statute is not exclusive and yet that it was obligatory upon it to exhaust the statutory provisions for administrative relief before it could bring this suit; that it has done so; that in doing so it did not make an election of remedies which bars the prosecution of this claim; that it has completed the administrative procedure although it did not avail itself of an appeal to the courts as provided in section 624.

In our opinion the remedy provided by article 18 is not exclusive. Our recent decision in *Rogers Peet Co.* v. *State of New York* (186 Misc. 354) (not appealed) is not an authority to the contrary. In that case we were considering a statute the language of which is dissimilar in many respects from the

language used in the statute here under consideration. In the first place subdivision 10 of section 186-a of the Tax Law provides for a refund of any tax or penalty that " the tax commission or *the court* shall determine " was " *erroneously or illegally* collected " while subdivision 6 of section 570 of the Labor Law provides only for a refund of " any contribution, interest, or penalty * * * or for a credit thereof " which the Industrial Commissioner shall determine was " *erroneously collected* ". (Italics supplied.) Here there is no reference to a court and, particularly important to note, no reference to *illegal* taxes. There is a long-recognized distinction between a tax erroneously collected and a tax illegally collected. " The former is when the officers have power to act, but err in the exercise of the power; the latter where they have no power to act at all, and it does not aid them to decide that they have." (*Nat. Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49, 58.) Where taxing officers have jurisdiction " their acts * * * can only be reviewed in the manner provided by statute." When they are without jurisdiction the taxpayer may seek relief from the courts. (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 206; *People ex rel. Erie R. R. Co.* v. *Tax Comm.*, 246 N. Y. 322, 326.)

Again subdivision 10 of section 186-a of the Tax Law provides that after notice of its determination by the tax commission " to the person interested, * * * he shall be entitled to a certiorari order to review such determination " and subdivision 14 provides that this proceeding in the courts " shall be the exclusive remedy available to any taxpayer to *judicially determine* the liability of such taxpayer for taxes under this section." (Italics supplied.) In addition section 199 of the Tax Law provides for a review " both upon the law and the facts upon certiorari by the supreme court at the instance of any person * * * or corporation affected " by any determination of the tax commission upon application made pursuant to the article. But section 624 of the Labor Law provides for a judicial review of questions of law only.

It may well be questioned whether or not the Legislature in writing article 18 ever intended to do more than to provide for the review of determinations erroneously made by an administrative officer having jurisdiction, leaving to one aggrieved by the imposition or by the threat of a void tax his recognized remedies in the courts but at the same time protecting the industrial commissioner from collateral attack where error alone was involved. Such a legislative intent would be in keeping with

long-settled principles. (*Stanley* v. *Supervisors of Albany*, 121 U. S. 535; *Lewis* v. *City of Lockport*, 276 N. Y. 336; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, *supra*.) We are aware that the unconstitutionality of the tax which is the subject matter of this suit was decreed in a proceeding which was instituted in accordance with article 18 and which reached the courts upon appeal from a decision of the Unemployment Insurance Appeal Board but we find nothing in the record of the *Bank of Manhattan Co.* case (267 App. Div. 456, *supra*) to indicate that this distinction between erroneous and illegal assessments was discussed or considered. Certainly there was no adjudication that the remedy was exclusive for there was no mention made of the right of the Bank of Manhattan to recover on an implied contract nor was it suggested that it had any other remedy. The mere fact that another employer proceeded in accordance with article 18 and procured its refund is in no way binding upon Guaranty Trust Company.

The Attorney-General cites several cases in which the provisions of article 18 were considered by the courts including *Matter of Siegel* (*Miller*) (262 App. Div. 789, 790) wherein the opinion contains this sentence: "This constitutes appellant's only and exclusive remedy." But no question of an unconstitutional or void tax was involved in the *Siegel* case. *Matter of Denemark* (*State Industrial Comr.*) (184 Misc. 402) and *Matter of Jamaica Concrete Corp.* (*Wedeen*) (185 Misc. 655) are likewise distinguishable on the facts.

This is not the case of an erroneous collection of a tax which the taxing officer had authority to levy but one where the tax was void from the beginning. In such a situation unless the statute is clear and without ambiguity the courts will not construe the law as depriving a plaintiff of the common-law remedy for money had and received. (*N. Y. Rapid Transit Corp.* v. *City of N. Y.*, 275 N. Y. 258, 264; *Sloane Estates, Inc.*, v. *City of New York*, 175 Misc. 674, affd. 262 App. Div. 722, affd. 287 N. Y. 818.)

The State of New York has illegally collected and withholds from Guaranty Trust Company the sum of $65,155.75. We fully recognize that claimant's demand is founded in right, equity and justice but this court can act only when it has obtained jurisdiction in a manner provided by the Legislature. Counsel earnestly argues that claimant was required to exhaust the administrative procedure of article 18 before it could resort to the Court of Claims. Whether or not it did so it is unnecessary to say. It seems obvious that an appeal to the courts from the

decision of the statutory board would have been futile because the application for the refund was not made within three years from the payment. (See *Munn* v. *Des Moines Nat. Bank*, 18 F. 2d 269, 274.)

If it could be said that the steps which claimant took in proceeding before the Industrial Commissioner, the referee and the Unemployment Insurance Appeal Board were prerequisite to our jurisdiction, the " long settled rule of judicial administration ", referred to in *Myers* v. *Bethlehem Corp.* (303 U. S. 41, 50–51) and followed in other cases upon which claimant relies, might have application here. But such steps were unnecessary as a preliminary to the commencement of this action. Claimant was not required to make demand upon the Industrial Commissioner for the refund of the taxes which had been illegally exacted from it before commencing this suit. (*Aetna Ins. Co.* v. *Mayor*, 153 N. Y. 331, 340; *Traktman* v. *City of New York*, 241 N. Y. 221, 227.) It is well settled, and here conceded, that claimant's cause of action arose immediately that it paid the tax. (*Reid* v. *Suprs. of Albany Co.*, 128 N. Y. 364, 371; *Matter of Furey* v. *Graves*, 148 Misc. 785, affd. 241 App. Div. 897, affd. 266 N. Y. 415.) The Statute of Limitations as between citizens of the State is six years. (*People ex rel. First National Bank* v. *Schadt*, 237 App. Div. 233; *Matter of Hoople*, 179 N. Y. 308; Civ. Prac. Act, § 48 subd. 1.)

This claim was filed within six years from the dates the taxes were paid and within six months (actually within thirty days) from the date of the decision of the Unemployment Insurance Appeal Board. Claimant's counsel argues that such filing was timely because the *claim* did not accrue until that decision. The expression " cause of action accrued " is not identical with the expression " claim accrued ". (*Edlux Construction Corp.* v. *State of New York*, 252 App. Div. 373, affd. 277 N. Y. 635.) But we find no analogy between the audit by the State Comptroller of the accounts of one who had performed an express contract with the State and the proceedings before the unemployment insurance officials. When the tax was paid claimant's claim was mature and this court was then open to claimant's suit within the limitations prescribed by the Legislature and contained in subdivision 4 of section 10 of the Court of Claims Act. In this instance the *claim* as well as the *cause of action* accrued on the dates the taxes were paid, October 11, 1939, and January 13, 1940. As no claim or notice of intention was filed within six months thereafter, this claim must be dismissed.

In passing, it may be well to note that in *Rogers Peet Co.* v. *States of New York* (186 Misc. 354, *supra*) the question of the date of the accrual of the claim was raised but was not decided and that decision rested upon the exclusiveness of the remedy provided by the Tax Law.

The motion to dismiss is granted. Submit order accordingly.