Owen McGivern, J.
Motion to stay action is denied. The Republic of Argentina, concededly a foreign sovereign, has brought a plenary action in this court, alleging that its funds were converted by defendant Hughes & Company. Joined as defendants are officers and directors of the corporate defendant, who are accused of participating in the alleged conversion, and its assignee for the benefit of creditors. It is alleged that funds of the Republic have come into the hands of the assignee by virtue of the assignment.
The assignee moves in the assignment proceeding for an order enjoining the Republic from further prosecuting the *15 action as against the assignee and directing the Republic to prosecute its claim against the assignee in the assignment proceeding.
Preliminarily it may be questioned whether this court has jurisdiction, in the assignment proceeding to which the Republic is not a party, to make an order enjoining or directing a foreign sovereign in any respect. There is no need, however, to resolve this question in view of the disposition herein made.
An assignment proceeding under New York law has limited effects. And a discharge therein granted would not be effective as to nonparticipating nonresidents (Debtor and Creditor Law, § 84). A fortiori, a discharge would not be effective as to a foreign sovereign that does not participate in the proceeding.
The assignee relies primarily upon section 20 of the Debtor and Creditor Law, which provides that the court, in the assignment proceeding, ‘ ‘ shall have full jurisdiction to do all and every act relating to the assigned estate ’ ’. The words ‘ ‘ assigned estate ” must be deemed to mean the property of the assignor assigned to the assignee. The claim of the Republic of Argentina is that the funds in question were its property and not the property of the assignor. If this claim is correct, such funds would not legally be part of the ‘ ‘ assigned estate ’ \
Furthermore, section 20 does not say that the jurisdiction of the assignment court is exclusive. In the leading case in point, Hynes v. Alexander (2 App. Div. 109, 110) it was said that claims against an assignee should be prosecuted in the assignment proceeding rather than by a plenary action,1‘ unless some substantial reason exists therefor ”. A claim by a sovereign that the assignee has its funds is a substantial reason for departing from the usual rule. Compare Matter of Jamaica Concrete Corp. (Wedeen) (185 Misc. 655) wherein the court denied a motion by an assignee under section 20 to enjoin proceedings before the unemployment insurance referee section of the New York Department of Labor to fix the amount of a claim.
Finally, it has quite recently been held that the express provisions of the Debtor and Creditor Law are not binding on sovereigns. Subdivision 7 of section 15 of such law unambiguously provides that ‘ ‘ The court shall have no power to allow claims not presented within one year from the date of the recording of the assignment”. Nevertheless, it was held in Matter of Long Is. Lacquer Co. (3 A D 2d 669), that a claim by the City of New York, filed after the one-year limit had expired, could be considered, since the statute did not apply to the city acting in its sovereign capacity.
*16 For all the foregoing reasons, this court has, at the very least, power in its discretion not to stay the prosecution of a plenary suit against an assignee. Approaching this matter as a question of discretion, it seems clear that the motion should be denied. Were the motion granted, only the claim of the Republic of Argentina would be adjudicated in the assignment proceeding; its claims against the other defendants would still have to be determined in the plenary action. Thus, the granting of the instant motion would promote multiplicity of litigation concerning related claims, contra to the design of the State Insolvency Act.