Harold Hyman, J.
The Attorney-General of the State of New York moves, in behalf of the New York State Department of Taxation and Finance (State), to vacate the order of a former Justice of this court dated September 30, 1975 which, on default of any opposition from the State, granted the assignee’s motion to reduce the claims made by State for "Sales” and "Withholding” taxes, or, in the alternative, to "open the default of State” in failing to oppose said motion. It is State’s contention that the court could not have, nor should it have, entertained the motion even without opposition thereto, in view of the failure of the assignee to complete all administrative proceedings looking toward such reductions, which failure, it is claimed, deprived the court of jurisdiction. State claims, its position is supported by subdivision (a) of section 1138 of the Tax Law, which provides that: "If a return required by this article is not filed, or if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by the tax commission from such information as may be available. * * * Notice of such determination shall be given to the person liable for the collection or payment of the tax. Such determination shall finally and irrevocably fix the tax unless the person against whom it is assessed, within ninety days after giving of notice of such determination, shall apply to the tax commission for a hearing, or unless the tax commission of its own motion shall redetermine the same. After such hearing the tax commission shall give notice of its determination to the person against whom the tax is assessed. The determination of the tax commission shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the civil practice law and rules if application therefor is made to the supreme court within four months after the giving of the notice of such determination.” And by section 1140 of the Tax Law which proscribes any other remedy than that; above set forth, and which is the only exclusive remedy available to "any person” seeking review of the tax liability imposed.
It is contended by the State, that since the "assignor”, and the "individuals determined to be responsible for the sales and *505 withholding taxes” filed petitions for review with the New York State Tax Commission, and which are still pending, that the administrative remedies have not been exhausted and, that judicial review is and was precluded to the assignee, who merely assumed the rights and position of the assignor, until they are fully exhausted.
As stated by the court, in Matter of International Ribbon Mills (Arfan Ribbons) (36 NY2d 121, 126) "It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned, because he receives no more and can do no more than his assignor”.
The court is therefore of the opinion that the issue involved falls squarely within the ambit of Matter of Jamaica Concrete Corp. (Wedeen), (185 Misc 655), wherein it was stated, at page 656, that section 20 of the Debtor and Creditor Law reads as follows: " 'Any proceeding under this article shall be deemed for all purposes, including review by appeal or otherwise, to be a proceeding had in the court as a court of general jurisdiction, and the court shall have full jurisdiction to do all and every act relating to the assigned estate * * * unless the contrary be shown’
The contention of the assignee, that he is not bound or affected by the New York State Tax Law sections previously set forth herein is unacceptable. Surely the Tax Laws are of legislative origin and must be read together with all other legislative enactment. Unless a specified legislative exception be made exempting a statute from the effects of another, the courts are constrained to follow the clear pattern of the statutes, since courts are not free to devise their own rules in a statutory field merely because their sense of justice impels them nor do courts sit as councils of revision on the legislative product, but solely in a judicial role and not as legislators. (Matter of Rapp v New York City Employees’ Retirement System, 42 NY2d 1, 6.)
Here, the court is not completely ousted of all jurisdiction; it would still have and still does have jurisdiction to review, by an article 78 (CPLR) proceeding, the "determination” of the State Tax Commission, but restricted to, and not before all administrative proceedings have been fully exhausted. To hold otherwise, would be to open the door to flaunting of legislative dictate as to statutory exclusivity of procedure (Tax Law, § 1140).
*506 This does not place the assignee in any position of jeopardy. An accountant having been permitted by the court to be retained by the assignee, surely can with the use of the assignor’s books and records, more than likely cause an expeditious determination to be made by the State Tax Commission. To such end, the State Tax Commission is requested to sincerely and expeditiously co-operate.
The motion to open the default is granted and the order of September 30, 1975 is vacated. Since a continuance of the motion by the assignee would be fruitless, in view of this court’s decision, the former motion which resulted in the September 30, 1975 order hereby vacated is herewith deemed withdrawn.
State having also opposed the assignee’s application to settle his account, as filed, for obvious reasons heretofore explained, the court will also deem such application withdrawn, without prejudice to renewal upon filing an up-to-date account following the final determination of the State’s tax claims.