■ Jeffrey Silver, Appellant, v Whitney Partners LLC, Respondents. [13 NYS3d 424]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 23, 2013, which, among other things, granted the motion of defendant Whitney Group LLC's (Whitney Group) assignee, Douglas J. Pick, to dismiss the complaint as against the Whitney Group and dismissed the complaint as against all defendants, unanimously affirmed, without costs.

In 2002, plaintiff entered into a joint venture agreement with defendant Whitney Group to share fees for executive search and placement services in the financial industry. The agreement was extended and modified several times and, as relevant here, required Whitney Group to pay plaintiff a commission advance of $40,000 on October 1, 2008. Neither party disputes that Whitney Group never paid the $40,000.

Because of financial difficulties, Whitney Group ceased operations, and by assignment for the benefit of creditors, under the Debtor and Creditor Law, Whitney Group assigned its assets to a trustee. By asset purchase agreement (APA) dated November 26, 2008, the trustee sold substantially all of the Whitney Group's assets, including its computer hardware and intellectual property, to defendant Whitney Partners for $75,000. The trustee asserted that, although Whitney Partners had been formed by the Whitney Group's former CEO and defendant Alicia Lazaro, both "insiders" of assignor Whitney Group, the APA was the result of arms-length negotiations after com-

petitive bidding. The APA expressly provided that purchaser Whitney Partners did not assume Whitney Group's liabilities, including its debts.

By order to show cause to be served on all known creditors of Whitney Group, the trustee sought approval of the proposed sale. The trustee explained that Whitney Group had become insolvent from over $7 million in losses caused by the defalcations of a former officer. On January 26, 2009, the sale was approved; in addition to the $75,000 price under the APA, the court authorized the sale to another purchaser, in the amount of $40,000, of a portion of Whitney Group's database.

Plaintiff communicated with defendants more than three years later, by email dated May 9, 2012, addressed to the Whitney Group's former CEO at Whitney Group and Whitney Partners. In his email, plaintiff noted that Whitney Group had not paid the $40,000 due under their agreement. Plaintiff's email was forwarded to the trustee, who immediately responded that there had been an assignment for the benefit of Whitney Group's creditors, and that a notice to file claims had been published and mailed to all creditors.

In January 2013, plaintiff commenced this action against Whitney Group, Whitney Partners, and Alicia Lazaro, an alleged co-founding owner of the Whitney entities. The first cause of action sought recovery of the $40,000 on the theory of breach of contract. The second cause of action sought that amount, and punitive damages, on a fraud theory. Plaintiff alleged, among other things, that defendants created a false impression of the company's financial soundness by concealing a pattern of the managers' personal use of company assets and cash and excessive payments to the CEO for personal travel. Plaintiff further alleged that defendants had concealed their practice of paying executive search commissions to the CEO and Lazaro immediately, rather than adhering to the stated policy of paying those commissions on a deferred basis.

As to both causes of action, plaintiff alleged that defendant Whitney Partners was the alter ego of Whitney Group, sharing an address, telephone number, domain name, management, employees and business, using the two names interchangeably, and holding Whitney Partners out to the public as a continuation of and successor to Whitney Group. Plaintiff further alleged that defendant Lazaro routinely intermingled personal and company assets and siphoned off funds for personal use, without accounting and disclosure, proper record-keeping or observing corporate formalities.

Defendants interposed a joint answer, asserting an affirma-

tive defense that plaintiff's claims were barred by the assignment for the benefit of creditors, as whatever claims plaintiff may have had were against assignor Whitney Group only, and that in 2008, the Whitney Group had made an assignment for the benefit of creditors under the Debtor and Creditor Law.

After defendants served a document request and plaintiff partially responded, defendant Whitney Group moved to dismiss the complaint under CPLR 3211 (a) (4) based on the pending assignment proceeding. On the motion, the trustee conceded that plaintiff's claim was not included among the liabilities that Whitney Group had provided him, so the claim was not included in the schedule of liabilities filed in the assignment proceeding, and plaintiff apparently did not receive a notice to file claims. The trustee further conceded that plaintiff's $40,000 claim was valid. However, the trustee asserted that plaintiff was long aware of the assignment proceeding, but chose to do nothing, and had made no inquiry after Whitney Group ceased operations in 2008.

The motion court granted the motion, finding that the decision whether to dismiss a claim in favor of an assignment proceeding was a matter of judicial discretion. In this proceeding, the court found, public policy required dismissal of the complaint, as permitting creditors to bring individual actions would frustrate the purpose of the assignment proceeding and result in expenditure of unnecessary time, money, and judicial resources.

The motion court properly exercised its discretion in determining that plaintiff's claims against defendant Whitney Group LLC should be adjudicated in the pending assignment proceeding, rather than in a plenary action (*see Hynes v Alexander*, 2 App Div 109, 111 [2d Dept 1896]), despite the different legal theories of the claims and the lack of complete identity of the parties (*see Shah v RBC Capital Mkts. LLC*, 115 AD3d 444, 444-445 [1st Dept 2014]; *Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 95-96 [1st Dept 2013]).

The court also properly exercised its discretion in dismissing the complaint as against all defendants, including the nonmoving parties (*see Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 646 [1989]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.