In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee, Respondent. KENNETH J. MULLANE, as Special Guardian and Attorney for Infants and Others, Appearing Specially, Appellant; JAMES N. VAUGHAN, as Special Guardian and Attorney for Infants and Others, Respondent.

Argued January 4, 1949; decided March 3, 1949.

*Kenneth J. Mullane,* as special guardian for infants and others having interest in income of trust fund, appellant.

*James N. Vaughan,* as special guardian for infants and others having interest in principal of trust fund, respondent.

*Albert B. Maginnes, J. Quincy Hunsicker, 3d,* and *William D. Seidler* for Central Hanover Bank and Trust Company, respondent.

*Peter Keber* and *C. Alexander Capron* for New York State Bankers Association, *amicus curiæ,* in support of respondents' position.

Appeals dismissed, with costs to the respondent trustee payable out of the fund, upon the following grounds:

As to the appeal taken directly to this court from so much of the final decree of voluntary accounting (entered in Surrogate's Court, August 12, 1948) as overrules objections interposed by the

appellant, such decree may not be the subject of direct appeal to this court because the determination thereby made was not one which the Surrogate " must grant " upon a motion for judgment or order (Civ. Prac. Act, § 590, cl. [b]).

As to the appeal from the order of the Appellate Division (entered June 21, 1948) affirming an intermediate decree of Surrogate's Court (entered November 26, 1947) in a voluntary accounting proceeding, such order — being a ruling upon objections in the nature of pleadings (Surrogate's Ct. Act, § 49) — is intermediate in character and does not finally determine the proceeding within the meaning of the Constitution.

As to the appeal taken directly to this court from an order of Surrogate's Court (entered August 12, 1948) upon the remittitur of the Appellate Division — such order is intermediate in character and does not finally determine the proceeding within the meaning of the Constitution and may not be the subject of direct appeal to this court under clause (b) of section 590 of the Civil Practice Act. No opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ.