GUARANTY TRUST COMPANY OF NEW YORK, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 27969.)

Reargued April 4, 1949; decided June 2, 1949.

*Nathaniel L. Goldstein*, Attorney-General (*Kent H. Brown, Wendell P. Brown, John R. Davison* and *Donald C. Glenn* of counsel), for appellant. I. The dismissal of the State's appeal by the court below was in error. II. The merits should be determined by the Court of Appeals on this appeal. (*Matter of City of New York* [*New Court House*], 216 N. Y. 489; *Matter of People* [*Second Russ. Ins. Co.*], 241 N. Y. 581; *Stevens* v. *Central Nat. Bank,* 168 N. Y. 560.) III. The Unemployment Insurance Fund is undoubtedly a '' statutory trust fund '', but the State, not Guaranty Trust Company, is the '' settlor '' thereof. (*Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, 299 U. S. 515; *Matter of Cassaretakis,* 289 N. Y. 119, 319 U. S. 306; *Steward Machine Co.* v. *Davis,* 301 U. S. 548; *Carmichael* v. *Southern Coal & Coke Co.,* 301 U. S. 495; *Matter of Batter,* 257 App. Div. 546; *Matter of Burke,* 267 App. Div. 127.) IV. The Court of Claims was without jurisdiction to hear and determine this claim — it was untimely. (*Reid* v. *Board of Supervisors,* 128 N. Y. 364; *Aetna Ins. Co.* v. *Mayor of City of N. Y.,* 153 N. Y. 331; *Second Nat. Bank* v. *City of New York,* 213 N. Y. 457; *Traktman* v. *City of New York,* 241 N. Y. 221; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton,* 284 N. Y. 57; *People ex rel. First Nat. Bank* v. *Schadt,* 237 App. Div. 233.) V. The Court of Claims was without jurisdiction to hear and determine this claim — claims for refund of unemployment insurance contributions are matters solely within the province of the Industrial Commissioner and those authorized to review his determinations. (*Matter of Mosher Co.* [*Miller*], 289 N. Y. 417; *Matter of Siegel* [*Miller*], 262 App. Div. 789; *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198; *New York R. T. Corp.* v. *City of New York,* 275 N. Y. 258; *Lewis* v. *City of Lockport,* 276 N. Y. 336; *Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234; *Matter of Nash* v. *Lynch,* 226 App. Div. 421, 253 N. Y. 564; *Burrill* v. *Locomobile Co.,* 258 U. S. 34; *People ex rel. International Salt Co.* v. *Graves,* 267 N. Y. 149; *People ex rel. Alpha Portland Cement Co.* v. *Knapp,* 230 N. Y. 48.)

*Ralph M. Carson, William R. Meagher* and *Frank H. Medinger* for respondent. I. All the issues of law and fact were conclusively determined by the Appellate Division. (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198.) II. Under subdivision (1) of section 590 of the Civil Practice Act the State had no right of appeal to the Appellate Division from the judgment of award, which was appealable only to the Court of Appeals. (*Sachs* v. *Commercial Travelers Mut. Accident Assn.,* 276 N. Y. 681; *Naccash* v. *Hildansid Realty Corp.,* 262 N. Y. 588; *Marshall* v. *United States Review Corp.,* 282 N. Y. 594; *Pink* v. *American Surety Co.,* 283 N. Y. 290; *McCoy* v. *Gas Engine & Power Co.,* 152 App. Div. 642, 208 N. Y. 631; *Brush* v. *Rothschild,* 186 App. Div. 857; *Creem* v. *Fidelity & Cas. Co.,* 141 App. Div. 493.) III. The Unemployment Insurance Law creates an express statutory trust of which the State is trustee, the employers settlors, and the unemployed beneficiaries. (*Steward Machine Co.* v. *Davis,* 301 U. S. 548; *Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1; *Wood* v. *Supervisors of Monroe Co.,* 50 Hun 1; *Bridges* v. *Board of Supervisors of Sullivan Co.,* 92 N. Y. 570; *Crowninshield* v. *Supervisors of Cayuga Co.,* 124 N. Y. 583; *New Orleans* v. *Warner,* 175 U. S. 120; *New Orleans* v. *Fisher,* 180 U. S. 185; *Village of Brookfield* v. *Pentis,* 101 F. 2d 516.) IV. Upon the failure of an express trust for illegality, a resulting trust arises in favor of the settlor as against the trustee. (*O'Conner* v. *Gifford,* 117 N. Y. 275; *Ross* v. *Ross,* 137 Misc. 795, 233 App. Div. 516; *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.,* 213 N. Y. 525; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373.) V. The claim did not accrue until the State repudiated its obligation of restitution under the resulting trust. (*Cary* v. *Koerner,* 200 N. Y. 253; *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373; *Allen* v. *Payson,* 170 Misc. 759; *Spallholz* v. *Sheldon,* 216 N. Y. 205; *Lammer* v. *Stoddard,* 103 N. Y. 672; *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.,* 213 N. Y. 525; *Ross* v. *Ross,* 137 Misc. 795, 233 App. Div. 516; *Amory* v. *Trustees of Amherst College,* 229 Mass. 374; *Matter of Bank of Manhattan Co. [Murphy],* 293 N. Y. 515; *Brent* v. *Maryland,* 18 Wall. [U. S.] 430; *Reid* v. *Board of Supervisors,* 128 N. Y. 364.) VI. There was no repudiation of the resulting trust by the State until the Appeal Board sustained rejection of the claim for refund. (*First Nat. Bank* v. *Weld County,* 264 U. S. 450:

*Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh*, 203 App. Div. 468; *M'Crea* v. *Purmort*, 16 Wend. 460; *McLaughlin* v. *Swann*, 18 How. [U. S.] 217; *Van Camp* v. *Searle*, 147 N. Y. 150; *Husted* v. *Thomson*, 158 N. Y. 328; *Dickerson* v. *Central Union Trust Co.*, 110 Misc. 640.) VII. The administrative remedy was not exclusive. (*Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234; *New York R. T. Corp.* v. *City of New York*, 275 N. Y. 258; *Sloane Estates* v. *City of New York*, 175 Misc. 674, 262 App. Div. 722, 287 N. Y. 818; *People ex rel. Soeurbee, Inc.*, v. *Purdy*, 179 App. Div. 748; *Matter of Syracuse Trust Co.* v. *Board of Supervisors*, 258 App. Div. 17.)

LOUGHRAN, Ch. J. This claim against the State of New York was filed in the Court of Claims for recovery of the amount of unemployment insurance contributions which the claimant Trust Company had paid for the period August 10 to December 31, 1939. Upon motion made by the State before trial, the claim was dismissed on the ground that it had not been filed within the time limited by the Court of Claims Act (186 Misc. 676); then, upon an appeal by the claimant to the Appellate Division, the judgment of dismissal by the Court of Claims was reversed and the case remitted to that court " for a hearing on the merits." (271 App. Div. 711, 714.)

When the parties met again in the Court of Claims, they entered into a " stipulation of agreed facts " which embodied substantially all the matters alleged in the claim and thereupon the Court of Claims awarded to the claimant a judgment for the sum demanded. An appeal by the State to the Appellate Division followed but upon the claimant's motion was dismissed by an order upon which judgment was thereafter entered in the office of the clerk of the Court of Claims. At that stage, it will be observed, the claimant had acquired the equivalent of a final judgment of affirmance in its favor by the Appellate Division. Hence the State was quite in order when it appealed from that judgment to this court as of right, two Justices of the Appellate Division having dissented (see *Stevens* v. *Central Nat. Bank*, 162 N. Y. 253, 168 N. Y. 560; *Matter of City of New York* [*New Court House*], 216 N. Y. 489; *Silverstein* v. *Standard Accident Ins. Co.*, 221 N. Y. 332; *Borenstein* v. *Borenstein*, 272 N. Y.

407; Civ. Prac. Act, § 588, subd. 1, cl. [b]). Accordingly, we heretofore denied a motion by the claimant for dismissal of the appeal so taken by the State (298 N. Y. 860) and the appeal having since been argued before us, we now pass to a determination of the merits.

The material facts admit of a short statement. The claimant, a State banking institution subject to the New York Unemployment Insurance Law (Labor Law, art. 18), on October 11, 1939, and January 13, 1940, reported and paid unemployment insurance contributions for the period August 10 to December 31, 1939. In March, 1944, collection of unemployment insurance contributions from State banks for that period was declared unconstitutional and void because during that time national banks had not been subjected to the same exaction (*Matter of Bank of Manhattan* [*Murphy*], 267 App. Div. 456, affd. 293 N. Y. 515). After the last-cited decision of the Appellate Division, the claimant, on June 21, 1944, filed a claim for refund with the State Department of Labor, but that claim was ultimately rejected because it was not filed within the time limited by subdivision 6 of section 570 of the Labor Law.

It was while that proceeding was pending before the Labor Department that the claimant commenced its suit in the Court of Claims, filing on February 7, 1945, its notice of intention to file a claim and on October 9, 1945, the claim itself. The Court of Claims, as we have said, dismissed that claim because it had not been filed in time. The limitation applied by the court is to be found in subdivision 4 of section 10 of the Court of Claims Act. It is thereby provided: " A claim for breach of contract, express or implied, * * * shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual."

Taking the payments of the unemployment insurance contributions in question to have been illegally compelled, the Court of Claims said that " claimant's cause of action arose immediately that it paid the tax." (186 Misc. 676, 683.) Such contributions had been paid on October 11, 1939, and January 13, 1940, as we have noticed. It followed, therefore, that the claim had long been barred as the Court of Claims held.

The Appellate Division was of a different opinion. In its view, the illegally enforced payments of the contributions in question gave rise to a resultant trust of which the State was statutory trustee for the benefit of the claimant as the settlor. Upon that premise the court concluded that the Statute of Limitations did not commence to run against the claimant as such settlor until after demand for a refund had been made upon the State as such trustee. We find ourselves unable to follow this reasoning of the Appellate Division.

Unemployment insurance contributions, to be sure, are trust funds under the jurisdiction of statutory trustees. Statutory trusts of that kind, however, are nothing new (cf. Decedent Estate Law, § 130; General Business Law, § 382-a; General Corporation Law, § 168; Lien Law, §§ 4-a, 13, 25, 25-a, 25-b, 36, 36-a, 36-b, 70-76; Insurance Law, §§ 125, 514; Real Property Law, § 233). Unlike trusts set up by wills or deeds of individuals, statutory trusts are enactments of the Legislature in which no " settlor " plays a part (see Restatement, Trusts, § 23, comment *c*). For example, the personal representative of a decedent who recovers damages in an action for wrongfully causing the decedent's death must hold that recovery to the use of statutory distributees (*Central New York Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110; see *Weiner* v. *Specific Pharmaceuticals*, 298 N. Y. 346). But the defendant who pays the damages does not thereby constitute himself the settlor of a trust.

The fact is that in making the unemployment insurance contributions in question this claimant was simply paying an excise tax (*Chamberlin, Inc.*, v. *Andrews*, 271 N. Y. 1, 10, affd. 299 U. S. 515; *Matter of Cassaretakis* [*Miller*], 289 N. Y. 119, 126, 127, affd. *sub nom. Standard Dredging Corp.* v. *Murphy*, 319 U. S. 306) and, that being so, the Court of Claims was correct in holding the claim herein to have been barred by the time limitations prescribed by the Legislature in subdivision 4 of section 10 of the Court of Claims Act (*Reid* v. *Board of Supervisors*, 128 N. Y. 364; *Aetna Ins. Co.* v. *Mayor of City of New York*, 153 N. Y. 331; *Liberty Bank of Buffalo* v. *City of Buffalo*, 241 App. Div. 323, affd. 265 N. Y. 543.)

Agreeing again with the Court of Claims, we hold that subdivision 6 of section 570 of the Labor Law does not establish an exclusive remedy for obtaining a refund of taxes paid under

compulsion of a void statute. The claimant, therefore, had the right to seek restitution in this proceeding. (*New York R. T. Corp.* v. *City of New York,* 275 N. Y. 258, 264.)

A practice question remains. Apparently the State's appeal to the Appellate Division had there been dismissed because the court looked upon its earlier order for a hearing on the merits by the Court of Claims as a mandate for recovery by the claimant against the State (275 App. Div. 725). If that viewpoint were sound, the final judgment of the Court of Claims could have been reviewed only on a direct appeal by the State to this court and the Appellate Division so held (Civ. Prac. Act § 590, subd. [1]). That ruling, we believe, was error.

All that was decided by the earlier order of the Appellate Division was that the claim on its face was sufficient and was not barred by the applicable Statute of Limitations. Of course, the Court of Claims was bound to accept the opinion of the Appellate Division as the law of the case. Nonetheless for that, however, the final judgment for the claimant was occasioned by the parties themselves through their '' stipulation of agreed facts ''. Consequently subdivision (1) of section 590 of the Civil Practice Act had no application to this case and the dismissal by the Appellate Division of the State's appeal to that court was unjustified (see *Leonhardt* v. *State of New York,* 291 N. Y. 676; *Matter of Central Hanover Bank & Trust Co.* [*Mullane-Vaughan*], 298 N. Y. 902; Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 523, 527).

The judgment appealed from should be reversed, with costs in all courts and the claim dismissed.

LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Judgment reversed, etc.