# (July 7, 1969)

■ MARJORIE B. CLOW, as Administratrix of the Estate of HARRY CLOW, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, INC., Respondent. — COOKE, J. Appeal by plaintiff from a judgment of the Supreme Court entered upon a verdict of no cause of action in a death action instituted pursuant to a Massachusetts statute and arising out of an incident which took place in said State. Decedent, a railway post-office clerk employed by the United States Post Office Department, on the evening of March 21, 1964 boarded at Boston, en route to Albany, a railway post-office car, connected to the rear of four coaches not in service, all being a part of a train operated by defendant. Having finished his work shortly after leaving Springfield, decedent proceeded toward the forward coaches and was thereafter missing until his body was found in the morning on the south side of the track upon which the train had traveled near Chester, Massachusetts. In serious dispute was the question whether the traps and vestibule doors on both sides of the four " deadhead " coaches were up and open or closed and secured as the train journeyed toward Albany. James A. Smith, residing in Massachusetts and decedent's postal service foreman on the train, was not produced as a witness by plaintiff. Defendant then called and interrogated plaintiff's attorney as to his connection with the Post Office Department and his association with Smith. This was a legitimate field of inquiry in view of the well-established rule that the failure of a party to call a witness under his control, who is shown to be in a position to give material evidence, may result in an inference that the testimony of such a witness would be unfavorable to such a party, the " control " of a witness being used in a

very broad sense (*People* v. *Moore*, 17 A D 2d 57, 59, 60). No exception or request was made regarding the charge on said subject and reversal in this respect is not justified (CPLR 4017; cf. *Noce* v. *Kaufman*, 2 N Y 2d 347, 353; *Seligson, Morris & Neuburger* v. *Fairbanks Whitney Corp.*, 22 A D 2d 625, 630). The rather lengthy trial did not develop substantial liability against defendant, the manner in which decedent left the train and met his death being rather speculative, and it cannot be said that the verdict was contrary to the weight of evidence. The issues of fact have been resolved by the jury adversely to plaintiff and no reason has been advanced warranting reversal. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.