226

PARAMOUNT FILM DISTRIBUTING CORPORATION, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim No. 45976.)

Third Department, July 27, 1971.

*E. Compton Timberlake (John R. Davison* of counsel), for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General (Grace K. Banoff* and *Ruth Kessler Toch* of counsel), for respondent-appellant.

REYNOLDS, J. This is an appeal and cross appeal from a judgment of the Court of Claims in favor of appellant-respondent and an appeal by the State from an order of the Court of Claims, entered December 18, 1967, which vacated a subpoena duces tecum.

Previously this court affirmed the denial of a motion to dismiss the instant claim for failure to state a cause of action and lateness (27 A D 2d 420). The dissenting members of this court would now reverse the judgment and dismiss the claim on the basis that the Court of Appeals' declaration of the unconstitutionality of the movie licensing provisions of the Education

Law (§ 120 *et seq.*) in *Matter of Trans-Lux Distr. Corp.* v. *Board of Regents of Univ. of State of N. Y.* (16 N Y 2d 710) was not retroactive so that the license fees paid by the appellant-respondent were not illegally or wrongfully collected and are thus not now refundable. However, implicit in our former decision upholding the cause of action was a determination that the decision in *Trans-Lux* was to be applied retroactively. In our majority opinion upholding the cause of action we stated: '' It was only as an incidental happening when the entire statute was struck down that the fee payments also were voided.'' (27 A D 2d, at p. 424.) and: '' To hold otherwise in a case such as the instant one would render a claimant's vindication of a constitutional right in substantial part a Pyrrhic victory.'' (27 A D 2d, at p. 424.) In fact the dissenting opinion in the prior appeal recognized that such a determination was implicit in our upholding of the cause of action (27 A D 2d, at p. 426) and attempted as here to refute it. Accordingly, we adhere to our prior determination and expressly hold that the decision of the *Trans-Lux* case should as a matter of policy upon the facts of this particular case be applied retroactively to permit a recovery by appellant-respondent. The cases cited by the dissent on this appeal are inapposite and not controlling here.

The trial court, however, awarded appellant-respondent only $29,297 of the total of $128,322.50 in fees paid because the appellant-respondent and its parent corporation, Paramount Pictures, ignored a clause in their contract that all licenses be issued in appellant-respondent's name and instead took out a vast majority of the licenses in the name of Paramount Pictures. It is evident, however, that while separate corporate entities are involved, $128,322.50 in total fees were paid by appellant-respondent alone and that despite which corporation was issued the license, contractually all licenses were supposed to be exclusively in appellant-respondent's name. Accordingly, we do not feel that a full recovery should on the instant record be denied on the basis solely of whether the licenses were granted in the name of the parent or appellant-respondent, its wholly owned subsidiary.

Finally, we find no merit in the State's argument that the subpoena duces tecum was not properly vacated.

The judgment should be modified, on the law and the facts, so as to increase the award from $29,297 to $128,322.50, plus appropriate interest, and, as so modified, affirmed.

HERLIHY, P. J. (dissenting). This case was previously before this court upon an appeal from an order of the Court of Claims

denying a motion by the State to dismiss the claim for failure to state a cause of action and reference should be made thereto for the history of the proceeding and the issues then raised. (See *Paramount Film Distr. Corp.* v. *State of New York,* 27 A D 2d 420.) Upon the prior appeal the issues concerned whether or not the payment of license fees without protest precluded recovery (cf. *Mercury Mach. Importing Corp.* v. *City of New York,* 3 N Y 2d 418; *Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29) and whether or not there had been a timely filing of the claim (cf. *Guaranty Trust Co. of N. Y.* v. *State of New York,* 299 N. Y. 295). In reaching the prior determination, the question of whether or not the declaration of unconstitutionality by the Court of Appeals, in a memorandum decision (*Matter of Trans-Lux Distr. Corp.* v. *Board of Regents of Univ. of State of N. Y.,* 16 N Y 2d 710) was retroactive so that the license fees paid by the claimant were illegally or wrongfully collected was not directly placed in issue or decided, although the matter was mentioned in the dissenting opinion (*Paramount Film Distr. Corp.* v. *State of New York, supra,* p. 426).

To put the matter in proper perspective on this appeal, I reaffirm my dissent as to the two issues that were argued and decided. I would further observe that as to the issue of the Statute of Limitations, and more particularly the availability of a forum, for Paramount to institute a proceeding, following enactment of the statute in 1921 or upon payment of any subsequent fee for a license, in addition to the authorities previously cited a recent decision of the Court of Appeals appears to further support the theory of the dissent (see *Parrino* v. *Lindsay,* 29 N Y 2d 30). In our prior decision the majority stated (p. 423) '' this claimant alleges while theoretically a possibility [a proceeding in Supreme Court], as a practical matter [it] would not provide relief in most instances ''. To accept such fallacious reasoning as a basis for excusing failure to commence an action is, in itself, legal error and establishes a precedent for which there is neither rhyme nor reason. The additional contention with reference to the time limitations to institute the filing of the claim within the Court of Claims must fall with the rest of the argument.

The State further contends that the determination of unconstitutionality by the Court of Appeals is not retroactive so as to permit the recovery of the license fees.

In the case of *Great Northern Ry.* v. *Sunburst Co.* (287 U. S. 358, 364) Justice CARDOZO held: '' A State in defining the limits of adherence to precedent may make a choice for itself between

the principle of a forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions.''

In *Chicot County Dist.* v. *Bank* (308 U. S. 371, 374) the court stated: '' The courts below have proceeded on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. *Norton* v. *Shelby County*, 118 U. S. 425, 442; *Chicago, I & L Ry. Co.* v. *Hackett*, 228 U. S. 559, 566. It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects,—with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified.''

Now Chief Judge FULD in his dissenting opinion in *Matter of Cash* v. *Bates* (301 N. Y. 258, 263–264) stated in regard to action previously taken pursuant to what was being declared unconstitutional in that case: '' A course of administrative interpretation, honestly arrived at, culminating in numerous appointments long before our ruling, of necessity, has consequences. Those consequences ' cannot justly be ignored. The past cannot always be erased by a new judicial declaration.' (See *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U. S. 371, 374, per HUGHES, Ch. J.) '' As noted by Judge FULD in the *Cash* case the court had previously in *Matter of Andresen* v. *Rice* (277 N. Y. 271, 282) refused in a mandamus proceeding to nullify prior civil service appointments even though they had been unconstitutionally made.

Mr. Justice CLARK in *Linkletter* v. *Walker* (381 U. S. 618, 622–629) updates and examines the principles and considerations

attendant in the controversy of the retroactive versus prospective application of declarations of unconstitutionality by the courts.

The record in the present case does not establish that the claimant lost any particular benefits by virtue of its payment of the license fees. It does not appear that at any time prior to the determination of the Supreme Court in the case of *Trans-Lux Distr. Corp.* v. *Board of Regents* (380 U. S. 259) the claimant considered the fees as burdensome or otherwise of any consequence. To the contrary, it is established that the fees were willingly paid in return for the license which permitted the distribution and showing of movies.

In the *Trans-Lux* case as in the criminal proceeding in *Freedman* v. *Maryland* (380 U. S. 51, 55, 56) the constitutional objection to the movie licensing statute had nothing to do with the fee payment. The objection to the statute had to do with the cumbersome review procedures where a movie was denied a license (*Matter of Trans-Lux Distr. Corp.* v. *Board of Regents of Univ. of State of N. Y., supra*, based on *Freedman* v. *Maryland, supra*). As a consequence of *Trans-Lux*, the Court of Appeals, in a memorandum decision, struck down our whole statute, the fee payments falling along with the rest as an incidental feature (*Matter of Trans-Lux Distr. Corp.* v. *Board of Regents, supra*). Two recent criminal decisions have determined that statutes found to be unconstitutional have only prospective application. (See *People* v. *Feinlowitz*, 29 N Y 2d 176; *People* v. *Dwight S.* [*Anonymous*], 29 N Y 2d 172.)

While the final determination of whether or not the Court of Appeals intended its declaration of unconstitutionality to be retroactive as to all transactions theretofore had between the agency of the State and those persons required to get licenses of necessity rests with that court, it is apparent that this intermediate appellate court must decide the issue in this case before it.

The prior determination of the Court of Appeals was one of declaratory judgment and such determinations by their very nature are ordinarily concerned only with what rights the parties may have in the future (in a particular case as to the parties to the case from the commencement of the action) in regard to the subject matter of the declaration. The censorship of movies had been provided for in this State since the enactment of chapter 715 of the Laws of 1921 and prior to the final determination of the Court of Appeals in the *Trans-Lux* case, the

statutory provisions for censorship had withstood challenges as to constitutionality. It does not appear that the imposition of fees as required in the censorship statutes provided any great hardship which now should be undone as a matter of public policy by a retroactive application which would make all activity pursuant to such statutes illegal or void.

In the case of *Matter of Connection Co.* v. *Regents of Univ. of State of N. Y.* (17 A D 2d 671, affd. 12 N Y 2d 779) this court specifically held that the fee charges pursuant to section 126 of the Education Law were constitutional. It would seem reasonable that the State was entitled to rely upon that determination as to the power of its agency to collect fees and in view of that determination, if for no other reason, this court should presently construe the declaratory judgment of the Court of Appeals rendering all of part II of article 3 of title 1 of the Education Law unconstitutional to be prospective as to fees.

This court has recently decided that individual litigants cannot benefit from a retroactive application of a declaration that an ordinance is unconstitutional in the absence of seeking relief prior to such determination (*Matter of Burke* v. *Village of Johnson City*, 36 A D 2d 202) and that current administrative determinations may not be given retroactive application so as to revive otherwise barred causes of action (*Matter of Board of Educ. of Cent. School Dist. No. 2, Town of Oyster Bay* v. *Nyquist*, 36 A D 2d 199).

The prior appeal to this court was limited to an order denying a motion to dismiss a claim and the decision therein is controlling as to the legal issues involved as applied to the factual issues alleged in the claim. It certainly does not become a precedent for subsequent issues developed at the trial. It is, therefore, difficult to find a legal basis for the court's present decision, "Accordingly, we adhere to our prior determination and expressly hold that the decision of the *Trans-Lux* case should as a matter of policy upon the facts of this particular case be applied retroactively to permit a recovery by appellant-respondent". One further observation, it appears to me upon the law and the facts that "as a matter of policy" the majority opinion is in error and as a "matter of policy" Paramount having received the benefits of whatever fees it paid should not in law or equity at this late date be entitled to recover the fees—a windfall—which were lawfully paid to the State without complaint or reservation.

The judgment should be reversed, and the claim dismissed.

STALEY, JR., and SIMONS, JJ., concur with REYNOLDS, J.; HERLIHY, P. J., and SWEENEY, J., dissent, and vote to reverse and dismiss the claim, in an opinion per HERLIHY, P. J.

Judgment modified, on the law and the facts, so as to increase the award from $29,297 to $128,322.50, plus appropriate interest, and, as so modified, affirmed; order affirmed, with one bill of costs.