OPINION OF THE COURT
Edward J. Amann, Jr., J.
The claimants in the present series of motions seek permission to file late claims pursuant to subdivision 6 of section 10 of the Court of Claims Act.
The claimants, who are the trustees and executors of the above trusts and decedents’ estates, paid capital gains taxes of approximately $700,000 for the period 1972. They filed their fiduciary income tax returns for the year 1972 in accordance with the "Instructions for Fiduciary Return”. On February 22, 1978 the Court of Appeals in the case of Clarendon Trust v State Tax Comm. (43 NY2d 933) held that the instructions, relied upon by the claimants in filing their returns, inaccurately reflected the provisions of the then Tax Law with respect to the computation of the capital gains tax for trusts and estates. The claimants, thereafter, sought to file claims against the State for moneys improperly had and received.
The State opposes the present series of motions primarily on *350 the ground that they are untimely.[1] It argues that the underlying causes of action accrued when the taxes were paid, and that therefore they had expired prior to the enactment of subdivision 6 and were not resurrected by its enactment.
The claimants have argued, however, that their causes of action could not have arisen at the time cited in the State’s opposing papers, because at that time a forum did not exist wherein their causes of action could have been enforced. They reasoned that the constitutionality of the Tax Law section ruled upon in Clarendon (supra) could not have been tested in the Court of Claims, since it lacked general equity jurisdiction. Similarly, the lack of jurisdiction to render a money judgment against the State precluded the Supreme Court from granting full relief. Therefore, the claimants argued that the causes of action did not arise until after the decision in Clarendon (supra).
In Guaranty Trust Co. of N. Y. v State of New York (299 NY 295), the Court of Appeals held that a claim for a tax refund arises upon payment of the tax. It rejected the argument that unemployment insurance contributions paid pursuant to an unconstitutional statute gave rise to a resultant trust and that the Statute of Limitations did not commence to run until a demand for a refund had been made upon the State. The claimants have attempted to distinguish Guaranty Trust (supra), on the basis of subsequent cases decided by the Court of Appeals. They argue that its holding has been eroded by these cases. They also argue that the rationale of the Appellate Division in Paramount Film Distr. Corp. v State of New York (27 AD2d 420), applies to the present case.
The court finds Guaranty Trust controlling and Paramount distinguishable. The rule enunciated in Guaranty Trust, that a claim for a tax refund accrues upon payment of the tax, was and still is the law in New York State. The claimants’ argument that the Court of Claims alleged lack of jurisdiction to hear constitutional challenges to State tax laws left them without a forum within which to bring their causes of action, is without merit.
In Paramount (supra), the court recognized that the Court of Claims did not have the power to " 'grant some sort of incidental equitable relief ” (Paramount Film Distr. Corp. v *351 State of New York, supra, at p 423). They noted that in the case before them, the Court of Claims was not an available forum because the license fee payments were voided only incidentally when the statute was voided.[2] The court cited as the proper test to determine whether such an action may be brought "whether the constitutional issue is ancillary to an action for monetary recovery or vice versa.” (Paramount Film Distr. Corp. v State of New York, supra, at p 424.)
Similarly, a declaration of the invalidity of the section involved in the present claims would have provided a direct basis for recovery.
Another avenue of recourse open to the claimants would have been to bring simultaneous actions in the Court of Claims and the Supreme Court; having the Court of Claims action placed upon the suspense calendar until a decision was forthcoming in the Supreme Court. The claimants also had the option, which was employed in Clarendon Trust (43 NY2d 933, supra), to refrain from paying the taxes and moving in the Supreme Court to set aside the deficiency assessment.
Based on all of the above, the court finds that the claims arose upon the payment of the taxes by the claimants and not when the Court of Appeals struck down the tax. Accordingly, the claims expired prior to the enactment of subdivision 6 of section 10 of the Court of Claims Act and the present series of motions are therefore untimely.[3] (Sessa v State of New York, 47 NY2d 976.) Motions denied.

. The State has also argued that the other factors enumerated in subdivision 6 have not been satisfied.

. The challenge in Paramount involved the "cumbersome review procedure” and not the validity of the licensing fee.

. Having found the motions untimely, the court need not discuss compliance with the other factors set forth in subdivision 6 of section 10 of the Court of Claims Act.