OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a claim for false arrest and malicious prosecution in connection with two uniform traffic tickets issued to claimant and for personal injuries.
The novel issue which this case addresses is whether a proceeding under a regulation that is subsequently declared unconstitutional can be the basis of an action for malicious prosecution.
On June 23, 1976, John Rutuelo drove his vehicle onto the Southern State Parkway. He was operating a pickup camper. Leopold Gasparik, Jr., a State Police officer, stopped him and issued a uniform traffic ticket for violating subdivision (e) of section 415.6 of the Rules and Regulations of the Long Island State Park and Recreation Commission (9 NYCRR 415.6 [e]). That section states “[n]o pickup camper shall be permitted to use a parkway regardless of type of registration.”
The conduct of the claimant clearly fell within the ambit of the prohibition and therefore the officer had probable *468 cause for the action he took. (CPL 140.10, subd 1; Church v State of New York, Ct of Claims, Feb. 23,1981, Lowery, J.)
However, the charge was dismissed on the ground that the regulation was unconstitutional. (.People v Rutuelo, 87 Mise 2d 754.) Does this holding void ab initia the original probable cause?
There is no question that at the outset the officer had probable cause. In other words, a reasonably prudent person would have believed the claimant guilty of the infraction. (Munoz v City of New York, 18 NY2d 6; Hyman v New York Cent. R.R. Co., 240 NY 137, 143; Colegrove v City of Corning, 54 AD2d 1093, mot for lv to opp den 41 NY2d 807.) The subsequent finding of unconstitiitionality did not vitiate the reasonableness of the officer’s actions. Therefore, the probable cause was not invalidated and an action for malicious prosecution will not lie. (Broughton v State of New York, 37 NY2d 451; Prosser, Law of Torts [4th ed], pp 841-843.)
This conclusion is supported by illustration 2 of section 662 of the Restatement of Torts, Second, which sets forth the following: “A statute makes tampering with the gates of a dam a misdemeanor. A tampers with the gates of B’s dam. B, knowing that the statute is on the books, swears out a complaint initiating the prosecution of A for its violation. In fact the legislature has repealed the statute the preceding week, although B neither knows nor should know that this had occurred. A is acquitted because the conduct is no longer a crime. B may be found to have probable cause.” This example is based on Birdsall v Smith (158 Mich 390), in which the unconstitutionality of a statute was placed in issue. (Reporter’s Note, Restatement, Torts 2d, Appendix, vol 4, p 375.)
In that case, a plaintiff in a malicious prosecution action had been charged under a statute which he contended was unconstitutional. Defendants did not know of any constitu-tional problem with the statute. In light of this, the possibility of unconstitutionality was found to have no bearing on the issue of probable cause. In so holding, the court noted that every statute should be considered valid until there is a judicial determination to the contrary. This logic *469 should be applied to the instant case. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd b.)
There are decisions in other jurisdictions in which probable cause has not been vitiated by subsequent court action. One case, an action, inter alla, for malicious prosecution, involved a plaintiff who had been removed from her property by a court order issued under a presumptively valid tax deed. That order was later rescinded. Even though fraud in obtaining it was alleged, the order provided a complete defense to the action. (Laird v Vogel, 334 So 2d 650, cert den 348 So 2d 949 [Fla].)
In another case, an action that successfully challenged the constitutionality of a statute was reversed on appeal. That determination however did not preclude the finding that there had been probable cause for the original proceeding. The court, in dismissing the malicious prosecution action, noted that probable cause will be said to exist where a prior suit involved a constitutional issue over which reasonable men might differ. (Cobbey v State Journal Co., 77 Neb 626; see, also, First Nat. Bank of Omaha v Marquette Nat. Bank of Minneapolis, 482 F Supp 514, 523, affd 636 F2d 195, cert den 450 US 1042.)
Finally, the circumstances of the instant case may be analogized to those situations in which a claim for tax refund has been held to accrue upon payment of tax and not upon the subsequent finding that the relevant tax statute was unconstitutional. (Citibank v State of New York, 103 Misc 2d 348; Guaranty Trust Co. of N. Y. v State of New York, 299 NY 295.)
Having found probable cause for the proceeding on the uniform traffic ticket, the claim for malicious prosecution must be dismissed. (Broughton v State of New York, supra.) The companion cause of action for false arrest must fail for two reasons. First, such a claim does not lie when predicated on the mere issuance of a traffic ticket. (Robart v Post-Standard, 74 AD2d 963, affd 52 NY2d 843; Pritchett v State of New York, 61 AD2d 1110; Farkas v State of New York, 96 Misc 2d 784.) Second, the finding of probable cause mandates its dismissal. (Feinberg v Saks & Co., 83 AD2d 952.)
*470 Arising out of the same occurrence, the claimant was charged with obstructing traffic. This was disposed of by an adjournment in contemplation of dismissal. (CPL 170.55.) Therefore, the causes of action for malicious prosecution and false arrest as to this must also be dismissed. (Hollender v Trump Vil. Coop., 84 AD2d 574; Fair v City of Rochester, 84 AD2d 908.)
As a result of what took place during the course of the incident, claimant alleges that he suffered personal injuries. He has failed to sustain his burden of proof on this issue. He executed a document in which he denied having been injured. He failed to call as witnesses his co-workers who were present, failed to explain their absence and failed to produce admissible evidence of medical treatment. (CPLR 4518.)
The Court of Appeals has stated that “where an adversary withholds evidence in his possession or control that would be likely to support his version of the case, the strongest inferences may be drawn against him which the opposing evidence in the record permits.” (Noce v Kaufman, 2 NY2d 347, 353.) Such an inference is drawn in this case. (See Clow v New York Cent. R. R. Co., 32 AD2d 1008; Reehil v Fraas, 129 App Div 563, revd on other grounds 197 NY 64; Richardson, Evidence [10th ed], § 92.) Although the rule in Noce is usually one applied in jury trials (1 NY PJI 1:75), it should also apply where a Judge, as here, is the trier of the facts. (Reehil v Fraas, supra, p 565.)
Although not mentioned in his initial pleading, claimant testified that during the incident he lost a chain and charm. He failed to produce legally admissible proof of value. He stated that his wife had given him the item as a Christmas present. However, neither she nor anyone else was called to testify as to the value or condition of the property at the time of purchase and at the time of the incident. (Fisch, New York Evidence [2d ed], §§ 372, 419.) In any event, we find no action of the defendant or its employees caused the alleged disappearance.
By reason of the foregoing, the claim is dismissed.