*901 OPINION OF THE COURT
Francis T. Collins, J.
The application of movant for an order pursuant to subdivision (6) of Court of Claims Act § 10 permitting him to serve a late claim is denied.
The proposed claim* alleges that on October 17, 1996 the New York State Department of Taxation and Finance levied against movant’s bank account and was paid therefrom the sum of $22,361.46. The levy was made pursuant to a determination by the Department that movant was a responsible person of 92-73 Queens Blvd. Car Wash, Inc., which corporation failed to timely pay sales taxes. Pursuant to an amnesty program the total sum claimed was later reduced to $19,967.72, plus interest. Movant alleges that he was not an officer or responsible person of the corporation.
The record before the court discloses that notices of determination of taxes due were issued to movant on January 9, 1995. On May 3, 1995, movant wrote to the Tax Compliance Division stating that while he was a shareholder of the corporation, he was not an officer. Movant recited in the letter that the corporation had failed to file sales tax returns for two years. Movant requested that the demands against him be withdrawn since he was not a person responsible for the collection of sales taxes by the corporation. On October 7, 1995, movant wrote to the Department requesting that his letter be considered a notice of appeal. That request was repeated in a letter of December 15, 1995. On January 13, 1997, movant requested a conciliation conference. In an order issued on March 7, 1997, the Department denied the request for a conciliation conference in the following language:
"The Tax Law requires that a request be filed within 90 days from the date of the statutory notice. Since the notices were issued on January 9, 1995, but the request was not received until January 16, 1997, or in excess of 90 days, the request is late filed.
"The request filed for a Conciliation Conference is denied.”
Movant asserts that during June of 1997 he was advised by someone from the Attorney-General’s office that his only recourse was to file a claim in this court. This motion ensued.
The Attorney-General opposes the application contending that: movant has failed to offer any valid excuse for his delay *902 in filing; movant has failed to exhaust his administrative remedies; movant’s judicial remedy is a CPLR article 78 proceeding before the Appellate Division of the Third Judicial Department; movant has failed to petition the Division of Tax Appeals for a review within 90 days of the March 7, 1997 denial of his request for a conciliation conference; this court lacks subject matter jurisdiction as it has no authority to review administrative decisions; estoppel is not available against the State; and this claim is premature.
Section 1133 of the Tax Law provides that every person responsible for the collection of sales and use taxes imposed by article 28 of the Tax Law is personally responsible for the payment of such taxes. Thus, a corporate officer or employee responsible for the collection of sales taxes on behalf of the corporation can be compelled personally to pay such taxes if the corporation fails to file tax returns (Matter of Massa v New York State Tax Commn., 102 AD2d 968). Pursuant to Tax Law § 1138 (a) (3) (B) the Commissioner shall determine the amount of sales tax owed by a responsible person when the corporation has failed to file a return or pay its taxes. The Department issues a determination to the responsible individual and the statute provides: "Such determination shall finally and irrevocably fix the tax and liability for the tax with respect to such person unless such person, within ninety days after the giving of notice of such determination, shall apply to the tax commission for a hearing”. Here, exhibit B of the proposed claim sets forth that the notices of determination that movant was responsible for the payment of the corporation’s sales taxes were issued on January 9, 1995. The first request by movant for a hearing contained in this record is his letter of October 7, 1995, a date well past the 90-day time frame. Had movant timely pursued his administrative tax appeal he could have obtained review of any adverse determination by way of an article 78 proceeding commenced in the Appellate Division of the Third Judicial Department within four months of being notified of the adverse determination (Tax Law § 2016; Matter of Waite v Tax Appeals Tribunal, 225 AD2d 962; Matter of Hopper v Commissioner of Taxation & Fin., 224 AD2d 733; Matter of Landau v Tax Appeals Tribunal, 214 AD2d 857). Movant did not timely pursue his administrative remedy and any article 78 proceeding he now attempts to commence will be dismissed as time barred by the four-month Statute of Limitations (Matter of Parpis Food Distribs. v Wetzler, 202 AD2d 873).
*903 In addition to the previously discussed administrative and article 78 remedies, movant had available to him another avenue of judicial review. Many taxpayers attempting to challenge an assessment are confronted with the requirement set forth in Tax Law § 1138 (a) (4) that before judicial review can be instituted the amount of the tax sought to be reviewed, with penalties and interest, must first be deposited with the Commissioner of Taxation or an undertaking in an amount approved by a Supreme Court Justice be filed with the Commissioner of Taxation and Finance. Just such a circumstance confronted the plaintiff in the case of Horner v State of New York (125 Misc 2d 1, affd 107 AD2d 64; see also, Two Twenty E. Ltd. Partnership v New York State Dept. of Taxation & Fin., 185 AD2d 202). Horner was a shareholder of PJG Gasoline, Inc., the operator of a gasoline service station. PJG failed to pay its sales tax for the period of June of 1978 through August of 1983. The Department of Taxation and Finance issued two assessment notices addressed to Horner demanding payment of $185,619.65. Plaintiff commenced a declaratory judgment action seeking a ruling that he was not a person responsible for the collection of sales taxes on behalf of the corporation. The defendant argued that the action had to be dismissed as Horner’s only remedy was an article 78 proceeding brought after paying the taxes assessed or the giving of an undertaking. Mr. Justice Hughes rejected that position holding that Horner could pursue his declaratory judgment action without first paying the taxes or posting an undertaking. Movant could have pursued a similar remedy. However, his declaratory judgment action would have had to have been commenced within four months of April 10, 1995 in order to be timely as he could have obtained relief by way of an article 78 proceeding (Heron v Division of Taxation of Dept. of Taxation & Fin., 209 AD2d 989; Matter of Morania Oil Tanker Corp. v State Tax Commn., 1985 WL 193047 [Sup Ct, Albany County, Dec. 15, 1983, Cobb, J.], affd 103 AD2d 965).
The court is confronted with a litigant that chose not to pursue the article 78 remedy created by the Legislature or the declaratory judgment redress created by the courts and instead requests that this court determine that it has the jurisdiction to annul the administrative determination of the Commissioner and award movant money damages. Complicating the equation is the fact that movant failed to timely pursue a claim and seeks relief under Court of Claims Act § 10 (6).
Subdivision (6) of Court of Claims Act § 10 permits this court, if the applicable Statute of Limitations set forth in CPLR *904 article 2 has not expired, to allow the filing of a late claim upon consideration of the following factors: "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy”. This court has broad discretion in deciding a motion to permit the late filing of a claim (Ledet v State of New York, 207 AD2d 965), and the statutory factors are not exhaustive, nor is one factor controlling (Scarver v State of New York, 233 AD2d 858). The most important factor is whether the potential claim has merit as it would be a futile exercise to permit litigation of a clearly baseless lawsuit (Savino v State of New York, 199 AD2d 254).
The excuse advanced is that movant was not aware of his legal remedies and mistakenly relied upon advice given by employees of the Department of Taxation and Finance. Ignorance of the filing and service requirements of the Court of Claims Act is not an acceptable excuse (Nyberg v State of New York, 154 Misc 2d 199). Furthermore, the doctrine of equitable estoppel is not available for erroneous information allegedly given by employees of the Department of Taxation and Finance (Matter of Wolfstich v New York State Tax Commn., 106 AD2d 745). Consequently, movant’s alleged reliance upon the legal advice given to him by his adversary is not a sufficient excuse for his delay.
The intertwined issues of notice, opportunity to investigate and prejudice will be considered together. The State had notice of the events giving rise to this litigation through the actions of its employees in assessing movant for the taxes owed by the corporation and seizing money from his bank account. There is a documented history of the administrative actions taken by the Department’s employees available to the Attorney-General. A full investigation can be made even at this date, and the State will suffer no prejudice if a late claim is permitted.
Addressing the factor of whether the movant has any other available remedy, as discussed earlier, movant had at least two judicial remedies available to him which he chose not to timely pursue.
Turning to the merit of the proposed claim, the decisive issue is whether this court has jurisdiction of a claim in which *905 in order to render the requested monetary relief an administrative determination of the Department of Taxation and Finance will have to be reviewed and annulled. If movant’s position prevails the requirement of the Tax Law that judicial review be limited to an article 78 proceeding commenced in the Appellate Division will, along with many of the other provisions of the Tax Law such as the requirement of payment of the taxes or filing of an undertaking, be rendered meaningless. In the recent case of Ozanam Hall of Queens Nursing Home v State of New York (241 AD2d 670, 671 [3d Dept 1997]), the Third Department restated the jurisdiction of this court, and the test to determine that jurisdiction, as follows: "Fundamentally, although 'in determining claims for money damages against the State, the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief (Psaty v Duryea, 306 NY 413, 417), that court’s primary jurisdiction is limited to actions seeking money damages against the State in appropriation, contract or tort cases (see, Court of Claims Act § 9 [2]; Psaty v Duryea, supra, at 416; Sidoti v State of New York, 115 AD2d 202, 203). As such, the Court of Claims has 'no jurisdiction to grant strictly equitable relief * * * with the return of the money to follow as a consequence of the equitable relief, it granted’ (Psaty v Duryea, supra, at 416-417). The question, then, is '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim’ (Matter of Gross v Perales, 72 NY2d 231, 236).”
The inquiry is whether this proposed claim seeks primarily money damages or the equitable relief encompassed by article 78, as although "an Article 78 proceeding is statutory, the relief it affords is equitable in nature” (6 NY Jur 2d, Article 78 and Related Proceedings, § 2, at 21). That issue is most easily decided by determining what this court would have to do to award a money judgment. If the award of a money judgment must be preceded by overturning and annulling a determination of an administrative agency then the primary relief sought is not money damages. It is now settled law that if a tax statute is declared unconstitutional or illegal by a court with the jurisdiction to render such a decree then the person having suffered the loss has a cause of action available in this court upon a theory of money had and received (Guaranty Trust Co. *906 v State of New York, 299 NY 295). Likewise, the same cause of action will be available if a tax statute is repealed retroactively (405 Co. v State of New York, 118 Misc 2d 305). The Statute of Limitations applicable to the money had and received cause of action is six years (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 159 Misc 2d 1045), which commences to run at the time the money is seized by the taxing authority (Citibank v State of New York, 103 Misc 2d 348).
In the case of Rye Psychiatric Hosp. Ctr. v State of New York (145 Misc 2d 706, 712), Judge Margolis held "This court has jurisdiction to hear and determine both the underlying dispute regarding the validity of the regulation which has allegedly caused the State to wrongfully withhold moneys due to claimant and, if claimant is successful on that issue, to award claimant restitution of those moneys.” The Third Department reversed (177 AD2d 834) holding that the proposed claim was beyond the subject matter jurisdiction of the Court of Claims and that the appropriate remedy was a CPLR article 78 proceeding in Supreme Court. A correct statement of the law applicable is given by Judge Weisberg in the case of Bertoldi v State of New York (164 Misc 2d 581, 587), when he states that "this court’s jurisdiction is limited to awarding damages in tort or contract and not to reviewing] discretionary decisions of agencies * * * That jurisdiction is vested in the Supreme Court”. The proposed claim lacks merit as this court will not have subject matter jurisdiction until such time as movant has the tax statute, implementing regulation or administrative action declared unconstitutional or illegal by a court with the jurisdiction to accord that relief.
In conclusion, the proposed claim is beyond the subject matter jurisdiction of the Court of Claims because the primary relief sought is the annulling of an administrative determination which is properly the subject of an article 78 proceeding in Supreme Court. The request for money damages is incidental to the mandamus to review role movant wants this court to undertake. To permit the claim to go forward would be contrary to the legislative purpose envisioned in both article 78 and the limited jurisdiction conferred upon this court in the Court of Claims Act.

 Improperly denominated as "claim for damages”.