Shapiro v State of New York (2025 NY Slip Op 51245(U))

[*1]

Shapiro v State of New York

2025 NY Slip Op 51245(U)

Decided on July 14, 2025

Court Of Claims

Mejias-Glover, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2025
Court of Claims

Lauren Shapiro, Claimant,

against
State of New York, Defendant.

Claim No. 139173

FOR CLAIMANT:
LAUREN SHAPIRO, Pro Se 
FOR DEFENDANT: 
HON. LETITIA JAMES, NYS ATTORNEY GENERAL
By: Dana E. Brown, Esq., AAG.

Linda K. Mejias-Glover, J.

Claimant, Lauren Shapiro, moves by notice of motion filed with the Court on May 20, 2025, seeking an order granting her leave to amend the Claim. The motion has been fully briefed.
 Relevant Procedural Background
The claim filed with the Court on May 12, 2023 (the "Claim") alleges the following causes of action: 1) breach of contract; 2) wrongful termination; and 3) reimbursement for all fees and for legal representation to be paid for by Farmingdale State College ("FSC"). The date of accrual alleged in the Claim is November 17, 2022. Defendant interposed its Answer on June 23, 2023.
By Decision and Order entered on March 5, 2025, Claimant's motion for leave to amend the Claim and for summary judgment (M-101230) was denied in its entirety and Defendant's cross-motion to dismiss (CM-101337) was granted to the extent that the second and third causes of action, to wit: wrongful termination and for legal representation, were dismissed. Accordingly, the sole remaining cause of action in the Claim is for breach of contract.

Factual Background and Legal Arguments of the Parties
Claimant brings the instant motion seeking 1) to amend the Claim to recover $13.29 representing the amount allegedly wrongly withheld by the State in Paid Family Leave Taxes; [*2]and (2) to withdraw the claim for wrongful termination [FN1]
and add a claim of tortious interference with employment. Claimant has attached a proposed Claim as Exhibit C to her motion.
Claimant argues that jurisdiction over the wrongly withheld Paid Family Leave Taxes lies within the small claims court which is "deflected" to the Court of Claims. Claimant further states that she is basing her position on her understanding that it is the New York State Workers Compensation Board ("WCB"), and not the New York State Department of Taxation that administers and enforces this particular law; and that the WCB has no power to make orders to reimburse or to amend taxes but only has the power to penalize employers who fail to follow the laws.
With respect to the application to add a cause of action for tortious interference with employment, Claimant argues that since she was never terminated, and her employment contract was never revised or cancelled, the contract remains in full force and effect. She contends that the exchange of discovery materials has produced no records of termination, but only written records designed to indicate she simply stopped showing up to work. She further alleges that Ms. Zambrana and Ms. Merkel conspired and acted in tortious interference of her employment.
In opposition to the motion, Defendant contends that the proposed amended Claim fails to include the alleged cause of action for tortious interference and is, in any event, palpably insufficient and devoid of merit. Defendant argues that Claimant, having received over 600 pages of discovery, presents no new or previously unknown facts to justify the proposed amendment. It is Defendant's position that none of the disclosed materials support the tortious interference allegation and that Claimant was, at all times, an at-will adjunct employee who could be terminated without cause. Accordingly, Defendant maintains that the proposed amendment lacks legal viability and should be denied in its entirety.
As to the request for reimbursement of $13.29 in allegedly wrongfully withheld Paid Family Leave taxes, Defendant argues that the relief sought is equitable in nature and thus beyond the jurisdiction of the Court of Claims. Defendant further asserts that Claimant has not cited any legal authority to support her position that jurisdiction lies with this Court. To the extent Claimant characterizes the Claim as arising from a breach of contract, Defendant maintains that it merely duplicates the existing cause of action, which already seeks monetary damages under the same employment contract.
Defendant also notes that Claimant's original Claim alleges entitlement to $6,500.70, of which $5,200.56 was paid, leaving a claimed balance of $1,299.44 plus interest. Defendant contends that the additional sum of $13.29 arises from the same contractual relationship and does not constitute a distinct cause of action requiring amendment.
With respect to the proposed cause of action for tortious interference, Defendant argues that Claimant has failed to present any evidence, other than conjecture and speculation, that, but for the State's conduct, her adjunct appointment would not have been terminated. Defendant further asserts that Claimant was hired as an adjunct assistant professor—a temporary, at-will position—on September 1, 2022. As such, Defendant contends that any claim for tortious interference against FSC employees must fail, as actions taken within the scope of employment are not actionable.
In reply, Claimant challenges several assertions made by Defendant in opposition to the proposed amended claim, beginning with Defendant's mischaracterization of the Court's prior ruling. Claimant notes that Defendant inaccurately stated the motion to amend was denied for failure to attach a proposed amended claim, omitting the critical qualifier that the denial was "without prejudice." Claimant argues this omission is misleading and distorts the record. Additionally, Defendant is alleged to have misstated that the proposed amended claim omits the tortious interference cause of action, despite its inclusion on page one of the amended pleading.
Claimant further contends that Defendant's characterization of the amended claim as "palpably insufficient and patently without merit" is a conclusory assertion unsupported by legal argument. Claimant asserts that Defendant merely recites case law without applying it to the facts of the case. In response to Defendant's claim that discovery produced in May 2024 cannot now form the basis of a new claim, Claimant disputes the notion that the claim is "new" and emphasizes both the timeliness and legal viability of the tortious interference and tax-related claims, including reference to applicable statutes of limitations and the timing of discovery.
Claimant also raises serious concerns regarding Defendant's submission of an affidavit from a Human Resources Associate, Ms. Zambrana, who Claimant alleges engaged in misconduct including evidence spoliation and creation of fraudulent payroll documents. Claimant criticizes the affidavit for lacking any denial of these allegations and for offering a misleading interpretation of the Board of Trustees policy. Claimant argues that the affidavit was improperly used to substitute for legal argument, misrepresent the governing policy, and conceal the true nature of Ms. Zambrana's actions, which, according to Claimant, were outside her authority and contrary to the actual provisions of the Board of Trustees policy.
In conclusion, Claimant asserts that there was no formal termination but rather an improper lockout and that the facts support claims for breach of contract, wrongful withholding of taxes, and tortious interference. Claimant further contends that the Defendant's submissions, including the challenged affidavit, reinforce the underlying allegations through both commission and omission. Accordingly, Claimant requests that the Court grant the motion to amend the claim and impose sanctions, including striking Defendant's pleadings, based on alleged misconduct and submission of false or misleading information.

Law and Analysis
Motion To Amend
CPLR 3025 (b) provides that "[a] party may amend . . . or supplement [a pleading] by setting forth additional or subsequent transactions or occurrences, at any time by leave of court" and that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Leave to amend or supplement a claim shall be "freely given" (CPLR 3025 [b]) "unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732 [2d Dept 2012]), and whether to grant or deny such a motion is a matter within the discretion of the Court (see Swergold v Cuomo, 70 AD3d 1290 [3d Dept 2010]). "The sufficiency or underlying merit of the proposed amendment is to be examined no further" (Maldonado v Newport Gardens, Inc. at 732).
Here, it is unrefuted that there is no prejudice to Defendant, and as discovery remains on-going and no Note of Issue has been filed, Defendant may pursue further discovery in this action. Notwithstanding, Claimant's motion is denied for the reasons set forth hereinbelow.
[*3]Proposed Causes of Action
Here, Claimant seeks to add a cause of action for the alleged wrongful withholding of Paid Family Leave taxes by the State. Pursuant to Court of Claims Act § 9 (2), this Court has "jurisdiction . . . [t]o hear and determine a claim of any person . . . against the [S]tate . . . for the torts of its officers or employees while acting as such officers or employees," provided the statutory conditions precedent have been satisfied. Thus, where a State employee alleges a financial injury caused by a State officer—specifically, the improper withholding of Paid Family Leave taxes—the Court of Claims may have jurisdiction, assuming compliance with the procedural requirements set forth in Court of Claims Act §§ 10 and 11. The threshold issue, however, is whether the withholding was improper. Claimant effectively asks the Court to first declare the withholding invalid and then award damages in the amount of the alleged improper assessment. Although the Claim seeks monetary relief, it is clear that the underlying relief sought is declaratory in nature, and the damages requested would only follow upon a finding that the tax was wrongfully withheld.
At the outset the Court must determine whether it has subject matter jurisdiction over a claim that seeks both equitable relief in the form of a declaratory judgment, and monetary relief for the amount allegedly wrongfully withheld. This is guided by the Third Department's decision in Ozanam Hall of Queens Nursing Home v State of New York, 241 AD2d 670 [3d Dept 1997], wherein the Court stated:
Fundamentally, although 'in determining claims for money damages against the State, the Court of Claims may apply equitable considerations and perhaps, to some extent, may grant some sort of incidental equitable relief' (Psaty v Duryea, 306 NY 413, 417 [1954]), that court's primary jurisdiction is limited to actions seeking money damages against the State in appropriation, contract or tort cases (see, Court of Claims Act § 9 [2]; Psaty v Duryea, at 416; Sidoti v State of New York, 115 AD2d 202, 203 [3d Dept 1985]). As such, the Court of Claims has 'no jurisdiction to grant strictly equitable relief with the return of the money to follow as a consequence of the equitable relief, if granted' (Psaty v Duryea, at 416-417). The question, then, is '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim' (Matter of Gross v Perales, 72 NY2d 231, 236 [1988]) (241 Ad2d at 671).
Here, any money judgment in Claimant's favor necessarily depends on a threshhold determination that the State's withholding of Paid Family Leave taxes was unlawful. That determination, in turn, appears be a challenge to the authority or legality of the State's tax collection or refusal to refund it. As such, any monetary relief would be incidental to the declaratory relief that Claimant implicitly seeks. Claims of this nature should be raised through a CPLR article 78 proceeding in Supreme Court (Heron v Division of Taxation of Dept. of Taxation & Fin. of State of NY, 209 AD2d 989 [4th Dept 1994], lv denied 85 NY2d 809 [1995]). Furthermore, it is well settled that the Court of Claims lacks jurisdiction over declaratory judgment actions, except in the narrow circumstances authorized by Court of Claims Act § 9 (9-a) (see, CPLR 3001; Wikarski v State of New York, 91 AD2d 1174 [4th Dept 1983]; State of New York v Fehlhaber Corp. & Horn Constr. Co., 69 AD2d 362 [3d Dept 1979]; see also NY Const., art VI § 6; Court of Claims Act § 9; Ouziel v State of New York, 174 Misc 2d 900, 906 [Ct Cl 1997]. Accordingly, the Court lacks subject matter jurisdiction over the proposed cause of action concerning the alleged wrongful withholding of Paid Family Leave taxes.
Claimant also seeks to add a cause of action sounding in tortious interference with contract. To state a cause of action for tortious interference with contractual relations, a claimant must plead: (1) the existence of a valid contract between the claimant and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the breach; and (4) resulting damages (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). However, such a cause of action cannot be maintained against a defendant who is a party to the contract at issue (see Sutton v Houllou, 191 AD3d 1031 [2d Dept 2021]; see also Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]). Because the State, acting through FSC, is a party to Claimant's employment contract, it cannot be liable for interference with that contract.
Furthermore, the Court of Claims lacks jurisdiction over claims that are premised on actions of individual State employees acting in a personal capacity, or where the allegations involve intentional torts committed outside the scope of employment (Arteaga v State of New York, 72 NY2d 212, 216—218 [1988]).
Consequently, the proposed cause of action for tortious interference with an employment contract is legally deficient and jurisdictionally improper.
Accordingly, it is hereby
ORDERED, that Claimant's motion is DENIED in its entirety.
Dated: July 14, 2025
Hauppauge, New York
HON. LINDA K. MEJIAS-GLOVER,
Judge of the Court of Claims
Papers Read:
1. Notice of Motion, Affidavit in Support of Motion to Amend Claim No.139173, Exhibits Annexed
2. Affirmation In Opposition, Exhibits Annexed.
3. Reply Affirmation in Support of Motion

Footnotes

Footnote 1:The cause of action for wrongful termination was dismissed by Decision and Order entered on March 5, 2025.